SPRINGER
v.  (2) The maker's having taken the oath of an insolvent debtor, is not the
PETERSON.  only evidence of insolvency. The plaintiff may show to the jury, by other
testimony, that the maker is in fact insolvent, and that a suit would have
been wholly unavailing. *Violett* v. *Patton,* cited in the text.—*Brown* v. *Ross,*
6 Munf. 391.—*Youse* v. *M'Creary,* May term, 1829, post.

Friday,
May 10.

(1) Stat. 1823, p. 294.—*Coe* v. *Givan, May* term, 1825, post.

(2) Stat. 1823, p. 298.—Bull. N. P. 169.

---

## SPRINGER and Another, v. PETERSON and Another, on Appeal.

Saturday,
May 11.

THE bill of exceptions in this case not being sealed by a ma-
jority of the judges present, but by the president alone, a rule
upon the associate judges to show cause why a mandamus re-
quiring them to seal the bill should not issue, was granted at
the last *May* term upon the motion of the appellants. The rule

having been served and no cause shown, the Court at the last term awarded a peremptory mandamus. At this term the bill was returned sealed by the judges.

In this case the Court held, that in an action against partners on a promissory note signed with the name of the firm, a plea denying the partnership of the defendants amounts to the general issue, and is therefore bad on special demurrer; but that it cannot be objected to on general demurrer.