*J. B. Belford*, for appellant.

————————o————————

28 251
133 413
28 251
160 228

## DICKENSHEETS and Another *v.* KAUFMAN and Another.

ATTACHMENT.—Motion to quash a writ of attachment levied upon real estate, because the return thereto, though it showed that the officer did not find any personal property, did not disclose that search had been made for such property.

*Held*, that even were it granted that the return was insufficient, the motion would not lie.

PARTNERSHIP.—PLEADING.—Complaint against A and B, alleging that the defendants, doing business as partners, under the style of, &c., were indebted, &c., for goods sold, &c. Answer by B, that no partnership ever existed between himself and his co-defendant, and that he did not purchase said merchandise in any manner.

*Held*, that the answer, in denying the partnership, did not tender an immaterial issue.

PLEADINGS.—HOW CONSTRUED.—Pleadings, under the code, are not necessarily to be construed most strongly against the pleader. Where substantial justice will be promoted, a liberal construction is required.

SAME.—Unnecessary particularity of averment in a complaint will require a corresponding exactness in proof, when the unnecessary matter cannot be stricken out without destroying the right of action, or when it identifies the contract, or fact averred.

APPEAL from the *Pulaski* Common Pleas.

FRAZER, C. J.—This was a suit by the appellees against the appellants upon an account and note. There was also

an attachment of the real estate of the appellant *Dickensheets.* Judgment went against the appellant *Silvers,* by default, and the record presents no question of which he can avail himself in this court.

*Dickensheets* made an unsuccessful motion to quash the attachment, because the return thereto, though it showed that the officer did not find any personal property, did not disclose that search had been made for personal property. There was nothing in the motion, even if it were granted that the return was insufficient, for that would furnish no reason for quashing the writ of attachment.

The complaint alleged that the defendants, doing business as partners, under the style of *I. N. Silvers & Co.,* were indebted to the plaintiffs, &c., for goods sold and delivered, &c. The account annexed to the complaint was against "*I. N. Silvers & Co.*

*Dickensheets* answered, under oath, that "no partnership ever existed between himself and his co-defendant, and that he did not purchase in any manner said merchandise."

There was a jury trial, and a general verdict for *Dickensheets,* after which a motion by the plaintiffs for judgment upon the pleadings, notwithstanding the verdict, was sustained, and thereupon the court found the plaintiff's damages and rendered a judgment therefor.

The answer was a very awkward specimen of pleading. It does not bear the signature of counsel, and we presume was not prepared by an attorney. Construing it most strongly against the pleader, it is contended that it amounts to nothing as a bar. But this is not necessarily the rule for construing pleadings under the code. When substantial justice will be promoted thereby, a liberal construction is required. § 90. But it is clear that the partnership between *Silvers* and *Dickensheets* was denied. The plaintiff had chosen in his complaint to allege such a partnership, and that the defendants, as such partnership, had, in the firm name of "*I. N. Silvers & Co.,*" purchased the goods. This particularity of averment in the complaint

was needless, but, having been made, it is argued that the plaintiffs must have proved it as laid, in order to recover, and that the answer denying the partnership did not tender an immaterial issue, in view of the nature of the averment in the complaint.

There are cases where unnecessary particularity of averment will require a corresponding exactness in proof, to avoid a variance. This is so whenever the unnecessary matter cannot be stricken out without destroying the right of action, or where it identifies the contract or fact averred. In the case before us, the contract sued on is pleaded as one made by the defendants as partners, thus distinguishing it from any joint contract of theirs, not made as partners. If the plaintiffs might support the averment by proof of a joint liability, not as partners, it is clear that this form of pleading might be used to mislead. It seems to be settled, that in such a case, the allegation and the proof must correspond.

The subject is discussed, and some of the authorities collected, in the valuable *American* note to *Bristow* v. *Wright*, 1 Smith's Lead. Cases 737. In *Springer* v. *Peterson*, 1 Blackf. 188, it was held that in an action against partners upon a note signed with the firm name, a plea denying the partnership was good on general demurrer, though bad on special demurrer, because it amounted to the general issue. So in *Tomlinson* v. *Collett*, 3 Blackf. 436, where the plaintiffs declared against the defendants as partners, for goods sold, the general issue being pleaded, it was held that the plaintiff must prove the partnership.

The verdict of the jury having ascertained that there was no such partnership as was alleged by the complaint, and the fact of such partnership being essential to the right of the plaintiffs to recover under their complaint, *Dickensheets* should have had judgment on the verdict.

The judgment against *Silvers* is affirmed, with costs; that against *Dickensheets* is reversed, with costs. Cause remanded, with directions to set aside all proceedings against

*Dickensheets* subsequent to the verdict, and to render judgment thereon in his favor.

*J. W. Ryan*, for appellants.

*D. P. Baldwin*, for appellees.