*J. B. Martindale, J. Brown,* and *R. L. Polk,* for appellee.

———————●———————

MULLENDORE and Another *v.* SILVERS and Another.

PRACTICE.—*Suit on Joint Contract.—Judgment.—Motion to Set Aside Judgment.*—In an action against A. B. and C. on their joint note, all the defendants having appeared, A. and B. were defaulted; whereupon, without any issue of fact as to C. or further notice of him than overruling a demurrer filed by him to the complaint, final judgment was taken against A. and B. alone, on their default. Afterwards, during the term, A. and B. appeared and made a motion in writing to set aside the default and judgment, assigning therein as cause, that the proceeding of the court in rendering final judgment against them was irregular and contrary to law; and they stated verbally to the court (as shown by bill of exceptions) the particulars of the irregularity and illegality of the proceeding.

*Held,* that the judgment against A. and B. was erroneous.

*Held,* also, that the objection to the judgment was sufficiently brought to the attention of the court. In such case the motion need not be in writing.

SAME.—*Motion Embracing Independent Matters.*—Where a motion to set aside a default and the judgment rendered thereupon is well taken as to the judgment, but not as to the default, it should be sustained as to the judgment and overruled as to the default only.

APPEAL from the Cass Common Pleas.

WORDEN, J.—This was an action by the appellees against the appellants, John H. and Abraham Mullendore, and one Samuel Mullendore, upon a joint promissory note purporting to be executed by all three of them. Service of process was had on Samuel, and the other two defendants waived service and appeared to the action.

Samuel demurred to the complaint. Pending the demurrer, John H. and Abraham were called and defaulted. The demurrer of Samuel was then overruled. Without ruling

him to answer over, or taking any further notice of him, the record proceeds as follows.: "And the court do now, upon hearing proof, say and find that the plaintiff's cause of action in this behalf is founded on a promissory note which is capable of being reduced to a certainty by calculation, and that there is due the plaintiffs thereon the sum of five hundred and sixty dollars and forty-six cents," &c., "together with all costs herein accrued, collectable without relief," &c., "from the said defendants John H. Mullendore and Abraham Mullendore." Then follows a judgment in favor of the plaintiffs against John H. and Abraham.

It may be observed, though it is perhaps not important to the decision of the question involved, that it appears by the answer of Samuel to interrogatories filed, that he was the principal in the note, and the appellants herein his sureties.

Afterwards the appellants appeared, at the same term of the court, and moved the court to set aside the default and judgment against them, "and for cause say that the proceedings of the court in rendering final judgment against them are irregular and contrary to law." This quotation is from their written motion. A bill of exceptions shows that they urged upon the consideration of the court the circumstance "that they were joint and not several contractors with the said Samuel Mullendore on the contract sued on, and that they were only liable jointly; that all the parties being then in court, the court erred in severing the cause of action and rendering a several judgment against them without a trial of the liability of all the parties." The motion was overruled, and the appellants excepted.

The appellants assign error upon the overruling of the motion to set aside the judgment against them.

Was the final judgment against the appellants, under the circumstances, rightfully rendered? This question, in our opinion, must be answered in the negative.

The makers of the note, if liable at all, are only jointly liable, unless, indeed, there is some matter that goes to the personal discharge of some of them.

The provisions of our code have, in some measure, modified the common law, but none of them authorize the course pursued by the court below. Sections forty-one and forty-two, 2 G. & H. 65–6, do not, because here the parties were all in court, and there was no occasion to proceed against a part only; and because, the parties all being in court, it was not a case where, if the appellants had been sued severally, the plaintiffs would have been entitled to judgment, inasmuch as they were jointly, and not severally, liable. The same observations may be applied to sections 362, 366, 368, and 369, *id.* 216, 217, and 218.

The proper course to have pursued was, after the default was taken against the appellants, to have withheld final judgment against them until the cause was ready, in some way, for final judgment as to Samuel. If he had pleaded a matter that went to the merits of the action, and had succeeded therein, it would have discharged the appellants, notwithstanding their default. *Sutherlin* v. *Mullis,* 17 Ind. 19. The course pursued ended the case as to Samuel, and put him out of court. *Rose* v. *Comstock, id.* 1. The appellants were entitled to have the judgment in the cause rendered against them and Samuel jointly, and not against them alone, unless it was in some way established that he was not liable on the contract, and that they were.

But it is argued by counsel for the appellees, that "what evidence was offered we do not know, for it is not in the record. There might have been a state of facts in which it would have been proper for the court to render judgment against the appellants, and not against Samuel."

This reasoning would have force if an issue had been formed and the cause tried as to Samuel, and there had been a verdict or finding in his favor. But as there was no answer put in by Samuel, nor any steps taken as against him after his demurrer to the complaint was overruled, but a judgment taken against the appellants on their default, the reasoning is destitute of any force.

aside the judgment was not sufficiently definite and explicit to bring to the attention of the court the objection to the judgment. The written motion, we have seen, assigns as cause, "that the proceedings of the court in rendering final judgment against them are irregular and contrary to law." The bill of exceptions shows that the appellants fully and explicitly stated the particulars of the irregularity and illegality of the proceeding. This was amply sufficient. We are not advised of any rule of law, or of practice, that requires a written motion in such case to be more specific, or that such motion should be in writing at all.

Again, it is urged that the motion was too broad, it being to set aside the default as well as the judgment, and therefore, that it was correctly overruled *in toto.* Motions of this character, embracing matters that are separable and independent, as to some of which the motion is well taken, and as to others not, should not be overruled entirely, but only so far as they are not well taken. Thus, it is quite common to move to strike out different questions and answers in depositions, and the motion to be sustained as to some and overruled as to others. So a motion is frequently made to strike out different parts of pleadings, and the motion is sustained as to some parts and overruled as to others. They are not like an instruction to a jury, which must be good as a whole or it cannot be given. We do not think the appellants can well be told that because they asked too much, the law denies them that to which they would otherwise be entitled. The law, as we think, is not guilty of such frivolous technicality.

The court below erred in not setting aside the judgment against the appellants on their motion.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to proceed in accordance with this opinion.

*S. T. McConnell* and *M. Winfield,* for appellants.

*A. M. Flory, A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellees.