## GRAHAM and Others v. HENDERSON.

EVIDENCE.—*Exclusion of.*—*Bill of Exceptions.*—No question in relation to the exclusion of evidence can be presented to the Supreme Court without a bill of exceptions showing an offer to introduce the excluded evidence.

SAME.—*Declarations of Co-defendant.*—In a suit against several persons as partners or joint contractors, declarations made by one defendant to another, in the absence of the plaintiff, as to the terms of the contract, are inadmissible in evidence for the defendants.

SAME.—*Partnership.*—Where several persons are sued as partners, and there is an answer of general denial, the evidence must show that the defendants were partners.

SAME.—*Joint Contractors.*—Where several are sued as joint contractors, and the evidence shows that some are not liable, it is a failure of proof, and not a mere variance, and a finding against all is erroneous.

PRACTICE.—*Judgment.*—The provisions of the code concerning the rendition of judgment in favor of some and against others of several defendants joined in an action, applies only where there is a finding or verdict in favor of some, and against others, of the defendants, and not where there is a finding or verdict against all of them.

SAME.—*Motion for New Trial.*—Where the evidence does not justify a finding against one of several defendants, but does against the others, and there is a finding against all, a motion for a new trial by all the defendants, alleging that the finding is not sustained by the evidence, is sufficiently specific.

APPEAL from the Johnson Common Pleas.

DOWNEY, C. J.—Henderson sued Archibald C. Graham, Felix W. Graham, and James P. Graham. The complaint is in two paragraphs. The first paragraph alleges that the defendants are partners, and states that they sold to the plaintiff twelve hundred bushels of wheat to be delivered at his mill in Greenwood, &c., on or before the 19th day of June, 1868, for which the plaintiff was to pay and did pay two dollars per bushel; that the defendants were to pay the plaintiff interest on said money until the wheat should be delivered; that the defendants delivered one thousand and ninety-nine bushels and fifty-three pounds of said wheat, and have failed and refused to deliver the residue.

In the second paragraph it is stated that the defendants sold to the plaintiff a like quantity of wheat at, &c., on or

before the day aforesaid, for which the plaintiff agreed to pay the market price at Greenwood, at such time as defendants might call for a settlement; that the plaintiff, at the time of making the said contract, advanced to said defendants twenty-four hundred dollars, on which they agreed to pay interest; that defendants delivered one thousand and ninety-nine bushels and fifty-three pounds of wheat on said contract, and have failed and refused to deliver any more; and that the defendants called for a settlement on the 19th day of June, 1868, when the price of wheat was two dollars per bushel, which price they agreed to take, and pay him the balance of the amount which he had advanced and the interest, which they have failed to do.

To the complaint the defendants answered by a general denial, and secondly, that the defendants sold to the plaintiff eleven hundred bushels of wheat, to be delivered at his mill, at, &c., on or before, &c., he agreeing to pay them at the market price at Greenwood in the spring of 1868; that they delivered to him eleven hundred bushels of wheat; that the market price in the spring of 1868 was two dollars and forty cents per bushel; that besides the twenty-four hundred dollars paid them there was yet due them two hundred and forty dollars and interest thereon; wherefore, &c. There was a reply by general denial to the second paragraph of the answer. The cause was then tried by the court, and there was a finding for the plaintiff for two hundred and ninety-six dollars and forty-eight cents. Motion for a new trial overruled, and judgment on the finding.

The motion for a new trial was for the reasons that the finding of the court was not sustained by sufficient evidence, was contrary to law, and because of the improper exclusion of evidence by the court.

The only error assigned is the refusal of the court to grant a new trial.

The first point made with reference to the exclusion of evidence is that the court erred in refusing to allow the defendants to prove by the defendant Felix W. Graham, that he

communicated to the defendant Archibald C. Graham the terms of the contract made by the plaintiff and said Felix W. Graham, on which the suit is brought. It is enough to say that the bill of exceptions does not show any offer of such evidence.

The second point relating to the exclusion of evidence is, that the court erred in refusing to allow Archibald C. Graham to testify as to his understanding of the terms of the contract sued on, &c. The bill of exceptions states that the offer was to prove that "he had been informed by the defendant Felix W. Graham," &c. If it was competent for the defendants to prove the understanding of one of them as to the terms of the contract, that proof could not be made by proving what one of his co-defendants had said about it, in the absence of the plaintiff.

Next as to the sufficiency of the evidence. The first paragraph of the complaint charges the defendants as partners. The second charges them as joint contractors. The general denial required the plaintiff to prove that all the defendants were liable under the first paragraph as partners, and under the second paragraph as joint contractors. There was no evidence whatever that the defendants were partners; without this evidence the case was not made out under the first paragraph. *Tomlinson* v. *Collett*, 3 Blackf. 436; *Dickensheets* v. *Kaufman*, 28 Ind. 251.

The evidence shows the making of two contracts with reference to the sale of wheat, one by Felix W. Graham, one by Archibald C. Graham, each separately. James P. Graham is not shown to have been in any way concerned or interested in either of the contracts; and therefore his liability is not shown.

Counsel for the appellee insist that this is merely a variance, and not such a defect of evidence as will justify a reversal of the judgment; that as the code authorizes judgment against all or any of the defendants, whether the contract be joint or several, as held in *Hubbell* v. *Woolf*, 15 Ind. 204 the attention of the court should have been spec-

ially directed, by the motion for a new trial, to this point; and that the general statement in the reasons for a new trial, that the evidence was not sufficient to sustain the finding of the court, was not enough. We cannot agree to this. It is only where the court or jury finds for some of the defendants and against others, that judgment can be so rendered. Here there was a finding against all the defendants, and a judgment in accordance with the finding. The evidence was insufficient to justify this finding and judgment as to one, if not as to two, of the defendants, and the reason for a new trial was sufficiently specific.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial.

*S. P. Oyler* and *D. W. Howe*, for appellants.

*G. M. Overstreet* and *A. B. Hunter*, for appellee.