Stafford *v.* Nutt *et al.*

STAFFORD *v.* NUTT ET AL.

PLEADING.—*Abatement.* — To an action against two or more persons, an answer showing that the defendants are not jointly liable is not a plea in abatement.

SAME.—*General Denial.*—A general denial puts the plaintiff upon proof of the joint liability of all the defendants, if he would obtain a joint judgment. But if he do not prove the joint liability, it does not follow that he wholly fails in his·action.

SAME.—*Judgment.*—In an action against two or more persons, upon contract, whether the contract be joint and several or joint only, the plaintiff may have judgment against one or more of the defendants, against whom he shall make out a good cause of action, although he fail as to the others.

From the Montgomery Circuit Court.

*M. Milford* and *Buchanan, Williams & Whitehead,* for appellant.

*J. McCabe,* for appellees.

DOWNEY, J.—Action by the appellant against the appellees, and judgment for the defendants.

The assignments of error bring in question the correctness of the rulings of the court in overruling the demurrers of appellant to the first, third, fourth, fifth and sixth paragraphs of the answer, and in overruling the motion of the plaintiff for a new trial.

In the first paragraph of the complaint it is alleged, that the plaintiff is a daughter and heir of Edmund Nutt, deceased, late of said county, who died in 1863, intestate,

being seized in fee simple of two thousand acres of valuable lands, which descended to the plaintiff and the defendants, as his children and heirs at law, in six equal parts; and she avers that the yearly rental value of said lands was at least the sum of fifteen thousand dollars, one-third of which belonged to her; that for six years next after the death of said Edmund Nutt, the said defendants used and occupied said lands, excluding plaintiff from the occupancy thereof, the defendants receiving the whole rents and issues; and so the plaintiff says the defendants are indebted to her in the sum of thirty thousand dollars, which is due and remains unpaid.

The second paragraph of the complaint is for money had and received by the defendants, to and for the use of the plaintiff, in rents of the same lands.

The third is for use and occupation of her share of the lands of said deceased for five years.

The fourth is for money paid, laid out and expended by the plaintiff for the defendants.

And the fifth is for the value of timber and wood taken and converted by the defendants from the common land, after the death of the deceased and before a division, and taken from her share after the division.

The defendants answered in six paragraphs. The plaintiff demurred to the first, fourth, fifth and sixth paragraphs of the answer, and, pending the argument, the first and fifth were amended. The plaintiff again demurred to the first and fifth; her demurrer was overruled, and she excepted. There was then a reply in denial of the first, third, fourth, fifth and sixth, and a second paragraph of reply to the sixth paragraph of answer, alleging a former adjudication. The second paragraph of answer was a general denial. There was a trial by jury, a verdict for the defendants, a motion of the plaintiff for a new trial overruled, and final judgment on the verdict.

Counsel for appellant confine themselves to the question presented by the demurrer to the first paragraph of the

answer, and to the fifth instruction to the jury, given by the court.

Counsel for appellees, in a few words, insists that the question as to the sufficiency of the first paragraph of the answer is not properly presented; but we do not see why it is not. As we have seen, there was a demurrer to it, the demurrer was overruled, and an exception was entered. This ruling is assigned as an error.

The following is the first paragraph of the answer:

"The defendants, for answer in abatement of the first, second, third and fifth paragraphs of the complaint, say that the lands therein mentioned consisted, at the death of said Edmund Nutt and ever since, of seven separate and distinct farms, not in any manner connected with each other, except in the fact of their ownership by said Edmund at his death; and they aver, that they, the defendants herein, never at any time occupied said farms, lands, or any portion thereof jointly, and never took, enjoyed or received the rents, issues and profits of the same jointly; but, on the contrary, have occupied separately such parts thereof as they did occupy; nor did the defendants ever receive any moneys on account of rents of any of said lands from other persons jointly; but, on the contrary, if the defendants, or any of them, did receive any of such moneys, they did not receive jointly, nor did they receive the same acting in concert; nor did they receive any rents, issues and profits jointly of any lands set apart to the plaintiff; nor have they, in any manner, received any money or thing of value jointly, in which the plaintiff has any interest, to or for her use or benefit. And they further aver that the acts complained of in the fifth paragraph were not joint acts on the part of the defendants; on the contrary, the supposed acts therein charged were done and performed, if at all, separately and distinctly by each of the defendants respectively. Wherefore, they say they are not jointly liable on either of the supposed causes of action, and they pray that said paragraphs of the complaint abate, and for other proper relief."

The paragraph was verified by the oath of the defendants.

In holding the paragraph sufficient, and in giving instruction number five, the court held that, unless the defendants were all jointly liable, none of them were liable.

It seems to us that this is a new use of a plea or answer in abatement, a use. that could not be made of it at common law, and cannot be under the code of practice of this State. If defendants were jointly sued at common law, and wished to deny such joint liability, their course was to plead the general issue, and thus put the plaintiff to the proof of the liability as alleged, failing in which, the plaintiff failed in his action.    Under the code, a general denial puts the plaintiff upon proof of the joint liability, if he would obtain a joint judgment.    But if he do not prove the joint liability, it does not follow that the plaintiff wholly fails in his action.    The code has changed the common law rule, as it was in actions at law, and has made it like the common law rule in suits in chancery.    It provides that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, etc.    2 G. & H. 218, sec. 368.

In *Hubbell* v. *Woolf,* 15 Ind. 204, the changes in the practice made by the code were considered, and it was held that in actions against several, upon contract, whether the contract be joint and several or joint only, the plaintiff may have judgment against one or more of the defendants, if he shall make out a good cause of action against them, although he fail as to the others.    See, also, *Fitzgerald* v. *Genter,* 26 Ind. 238;  *Carmien* v. *Whitaker,* 36 Ind. 509;  *Graham* v. *Henderson,* 35 Ind. 195; *Erwin* v. *Scotten,* 40 Ind. 389.

The court erred in overruling the demurrer to the first paragraph of the answer, and in giving the fifth instruction.

The judgment below is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the first paragraph of the answer, and for further proceedings.