Johnson, Chief Judge.
The foregoing facts, call for a construction of certain provisions of the code, and particularly of section 371.
Ry that section it is provided, that “judgment maybe *315 given for or against one or more of several plaintiffs, and7, for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side,. as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants the court may, in its discretion, render judgment against one or more of them,, leaving the action to proceed against the others, whenever a several judgment may be proper.
“ The court may also dismiss the petition with costs, in favor of one or more defendants in case of unreasonable-neglect on the part of the plaintiff to serve the summons-on the other defendants, or to proceed in the cause against' the defendant or defendants served.”
This section is copied from section 274 of the New York Code, as amended in 1849. The eminent jurists who prepared that code say : “ The object of this- section was to. prevent a failure of justice, when there happens to be too-many, or too few, parties brought into court. The questions arising on non-johuler or misjoinder of parties are the' cause of much delay, vexation, and disappointment, resulting not unfrequently in an entire failure of justice. This, section will prevent this hereafter.”
Taken in connection with section 137, which authorizes: the court, before or after judgment, in furtherance of justice, to amend the pleadings to conform to the facts proved, when such amendment does not change substantially the claim or defense, it enables the coart to mold the judgment to. conform to the rights of the respective parties.
By this section, the common law rule that where a joint-contract is the subject of an action, the recovery must be-against all or neither of defendants, has been modified, so as to authorize judgment to be rendered, “ for or against one or more of several defendants, where it turns out upon the trial that only one or more of several defendants in such joint-action is liable, without subjecting the plaintiff to the necessity of bringing a new action against such defendant or defendants, who are found to he liable.” Lambkin v. Chisom,. *316 10 Ohio St. 450. In that case, it was further held, that where in a joint action against two or more defendants, the verdict is in favor of one or more, and against others, and there be any doubt as to the effect of the judgment to preclude .another action, in respect to the same cause, against all or •either of the defendants, it would be proper for the court, by amendment of the pleadings, or an entry upon the record, to save the parties the benefit of the judgment as a bar.
This case is an authority, where two or more defendants are jointly sued, and a verdict is rendered in favor of one or more, and against others, and settles the practice to be, that in such a case, a judgment may be rendered for those who .are found not liable, and against those who are found liable. As to what may be done, when it turns out upon the trial, "that the verdict is against all the defendants, for distinct portions of the same demand, and not for some and against ■others, this case does not necessarily decide, though the principle settled is controlling in its character, on other •cases belonging to the same general class.
Roby v. Rainsberger, 27 Ohio St. 676, decides that, in an .action jointly against several defendants on a contract where they answer denying that they or either of them are liable, a verdict and judgment is i’endered in favor of all the defendants, it is a bar to another action against either of them •severally on the same contract.
The foundation for this holding was, that in the joint action against all, the several liability of each, upon the contract, as well as the joint liability of all, was involved; and that it was the right of the plaintiff to litigate the one form of liability, as well as the other, and as the verdict might have been against all, if there was a joint obligation, or in favor of some and against others, if some were not liable, .and others were, the judgment on the joint action was a bar to a subsequent separate action on the same contract.
As the plaintiff might have judgment against all, or part only of those jointly sued, accordingly as the proof showed •on the trial, the former adjudication, in favor of all, was in *317 legal effect that defendants were not liable jointly, nor was any one of them liable severally on the cause of action.
The case is in accord with Lambkin v. Chisom, supra, in holding that in such an action a judgment may be for or against one or more defendants jointly sued.
In Aucker v. Adams et al., 23 Ohio St. 543, it was said incidentally, that in an action against several upon a joint,, as well as upon a joint and several obligation, where it appeared upon a final trial that some only of the defendants-jointly sued were liable, judgment might be rendered against those who were liable, and in favor of those not liable.
This was a restatement of the holding in Lambkin v. Chisom, and the doctrine is not controverted by the plaintiff', in error here. The point actually before the court in that case was, as to the power of the court, before final trial, to-render a judgment against one or more of several defendants, and to allow the action to proceed as to the others,, when the action was on a contract joint only, and not joint and several. It was held that, as the action was on a joint contract, a several judgment could not be rendered before-final trial, as it could not be determined until such trial whether a several judgment was proper.
As the action in that case was on a contract joint only,, the question whether a several judgment was proper could not be determined until a final trial; therefore the court, ia advance of such trial, could not permit a several judgment. Error to such judgment might be assigned by the party against whom it urns rendered, but such error could not be-assigned by another defendant, unless his defense was thereby prejudiced. If, however, the action is upon a contract, joint and several, a several judgment would be proper, as the defendant might have been sued alone; therefore judgment might be rendered against one or more, without waiting the final trial.
That was an action upon a contract joint only, and not joint and several, and it was said: “ The rule seemed to be-that the court, in its discretion, may render a judgment *318 .■against one or more of the defendants, leaving the action to proceed ggainst others, whenever it appears that the plaintiff might have demanded a several judgment on the contract, if he had elected to sue the defendants separately. On the other hand, in all cases where the subject-matter of the action is such that the plaintiff could not have prosecuted several actions, bis only remedy being to demand a joint judgment in a joint action, he can not have a several judgment against any of the defendants until the liability of each and all the defendants has been determined upon final trial of all the issues in the case.”
That being an action upon a contract joint only, a sever..ance could not be had until final trial. Therefore the judgment against Aueker upon default, before such trial, was, as .to him, erroneous. Upon his application, it was reversed. The case does not decide that Aucker’s co-defendants ■■could complain of such a judgment after their issues had been determined against them.
Again, wé may remark that the court may render such :a several judgment, when, from the petition, or otherwise, 'before final trial, it appears that a several judgment is proper.
In the case at bar, we must presume that it so appeared •when the separate judgment was taken against Caspar .Hempy. In fact the answer of Henry averred there was no joint liability. In view of his answer, he can not complain that a separate judgment was rendered against his -co-defendant. It prejudiced no defense, set-off, or counterclaim of his. The effect of this severance was to leave the ..action to proceed as if Henry had been sued alone. The ■power of the court to try the issues made by him was as •ample as if Caspar had never been joined.
The claim here is that there is error in rendering a judgment, on final trial, against Henry Hempy, for a separate portion of the account, on the ground that a plaintiff" can not unite in one action several distinct causes against different defendants. For the purposes of this case, we might •concede this, where no severance had taken place. But *319 this claim leaves wholly out of view the status of the case, after the severance, by a judgment against Caspar Hempy. Section 371 relates to proceedings in the termination of a case, and not its commencement. Smithers Harris v. Rainey, 14 Ohio St. 291. Who are proper parties plaintiff' and defendant, and what constitutes a misjoinder or nonjoinder of parties to an action, as well as an improper joinder of causes of action, are to be determined by other provisions of the code; this section relates to power of the court in giving judgment.
It is unnecessary to discuss the question raised by counsel. That question is as to the power of the court, where there has been no severance under the second, clause of section 371, to render a judgment for part of a claim against one, and for the balance against another of two defendants. In, the view we take of this case, we need not consider the effect of a misjoinder of plaintiffs or defendants, where a joint judgment has been rendered in favor of two or more plaintiffs, on a several cause of action in favor of one, as in Bartiges v. O’Neal, 13 Ohio St. 79; Masters v. Freeman and Zent, 17 Ohio St. 323; nor as against two or more defendants, upon final trial, without a severance, where it appears distinct causes have been united. This field of discussion is an inviting one, on which much remains to be said as well as settled, and it is better to confine this opinion to the case actually before us.
In this case, there had been such a severance. The answer of plaintiff in error was ample authority to bind plaintiff’ in error, that a several judgment against Caspar was proper. When it was rendered, the action stood for trial as an action against Henry alone. Had he been sued alone for the whole claim, on a joint and several demand against himself and Caspar, it will not be doubted that a judgment might be rendered against him for part only of the claim, and a fortiori he could not complain when it does not exceed the amount admitted to be due.
We hold, therefore: 1. That in an action on a contract against two or more defendants, where it appears that a *320 several judgment is proper, it may, in the discretion of the-court, be taken against one or more, leaving the action to-proceed as to the others. 2. That such a separate judgment against one or more operates as a severance of the cause of action, and after such judgment the issues made-by the remaining defendants are to be heard and determined as if they had been sued alone. 3. On such final trial a judgment may be rendered against the remaining-defendant for the whole or such part of the cause of action as may be proved against him.
These conclusions are in harmony with the equitable-spirit of this section and of the code. Stafford v. Nutt et al., 51 Ind. 535 ; Hubbell v. Wolf, 15 Ind. 204.
No good reason can be given why this should, not be-done. The defendant has not been thereby deprived of any defense, counter-claim, or set-off'. He has had a full and impartial trial. Why should the plaintiff be non-suited and compelled to bring another action because he failed to-establish a joint liability. If issue had been joined by both defendants, and there had been no severance, it has been settled by the cases cited that judgment might have been rendered against plaintiff in error for all or part of this-account, even though it was upon a joint contract, and in favor of his co-defendant for costs. For a much stronger reason may this be done on a contract, when a several judgment is proper before final trial.
Any other construction of this clause of section 371 would render the trial, after such severance, an idle ceremony, and prevent a recovery against the remaining defendant or defendants, unless a joint demand is proved against all.
2. Again, this case is argued on the assumption that there is a joint judgment for costs, or rather that there is a general judgment for all the costs against plaintiff'in error..
There is a several judgment against each that the plaintiff recover his costs, to be taxed against each defendant separately. Neither is liable to pay costs made by the-plaintiff against the other. All that remains is a question . *321 of taxation of costs. Until the costs are improperly taxed, there is no error of which plaintiff can complain.
3. If ■ this action had been originally brought in the court of common pleas, on a claim exceeding $100, with a recovery against plaintiff' in error on a several liability for less than that amount, it might well be questioned whether plaintiff could recover costs against him; but as it came into that court by appeal, such question does not arise upon this record.

Judgment affirmed. ■