No. 7462.

ROBINSON *v.* SNYDER ET AL.

PRACTICE.—*Harmless Error.*—No available error is committed in striking out an answer, where the matters therein pleaded are admissible under the general denial already pleaded.

SAME.—*Exception to Special Finding.—Motion for New Trial.—Case Explained.*—An exception to a conclusion of law does not preclude a motion for a new trial on the ground that the special finding is not sustained by the evidence. *Cruzan* v. *Smith*, 41 Ind. 288, explained.

SAME.—*Effect of Exception to Special Finding.*—The effect of an exception to a special finding is to admit, for the purpose of the exception, the truth of the facts found, but the admission is not conclusive.

JOINT OBLIGORS.—*Judgment Against One.*—As a general rule a judgment against one of several joint obligors releases the others.

From the Whitley Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellant.

*T. R. Marshall* and *W. F. McNagny*, for appellees.

ELLIOTT, J. — Seth F. Robinson, Elisha Hilliard and Ephraim Hilliard were partners, and this action was instituted against them upon a promissory note, executed in the firm name adopted by the partnership.

Judgment was rendered against Seth F. Robinson alone, who now prosecutes this appeal.

A point is made upon the ruling of the court striking out an answer filed by the appellant, but, as the matters specially pleaded were admissible under the general denial, which was already in, no available error was committed.

The second question which the appeal presents is the correctness of the conclusions of law, stated by the court, upon the facts set forth in the special finding. The finding is as follows:

"The defendants, on the 28th day of December, 1874, made the note sued on payable to the plaintiffs; the same is due, and attorney's fees for the collection of the same are worth $15. Heretofore, on the 22d day of April, 1878, the said note was left with Jackson Sadler, a justice of the peace of Whitley county, to be sued upon, and he issued a summons thereon, returnable on the 27th day of April, 1878. The summons was duly returned, having been duly served on Robinson and Elisha Hilliard, and not found as to Ephraim Hilliard; whereupon judgment was rendered by the said justice of the peace against Seth F. Robinson and Elisha Hilliard on said note for the sum of $47, all in due form of law, and no further action was taken as to Ephraim Hilliard.

"On the 2d day of May, 1878, Seth F. Robinson made, before the justice, a motion for a new trial of the cause, and by the justice a new trial was granted, and the same was set for hearing on the 11th day of May, 1878, and sub-

sequently the case was continued until the 18th day of May, 1878, and upon that day the plaintiffs appeared and dismissed the action, and judgment was rendered against them for costs. That the justice, in granting such new trial, at the time wrote out on his docket, as expressive of his judicial decision, 'And a new trial is hereby granted to him,' and then, with other words expressing his action, signed the docket on the 11th day of May, 1878. The justice, upon further consideration, wrote in his record, following the foregoing words: 'And the above judgment is set aside.'

"Subsequently the plaintiffs, on the 18th day of May, 1878, brought suit before the same justice, on the same note, and service of summons was had on Robinson and Elisha Hilliard, and no service as to Ephraim, and judgment on the note rendered against Robinson and Elisha Hilliard. From that judgment Robinson appealed to this court, and upon the issue made the cause is now before this court for trial. There being no service on Ephraim, and plaintiffs now dismiss as to Elisha Hilliard."

The court stated, upon the facts found, conclusions of law as follows: "From the foregoing, the court states, as conclusions of law, that the defendant Seth F. Robinson is liable to pay the plaintiffs $64.45 on the note sued upon, which may be recovered in this suit. And the court further finds, that it be decreed, as against the plaintiff, that the judgment rendered before Jackson Sadler, Esquire, against the defendant Robinson be vacated and set aside, and the plaintiff barred from proceeding in any way as against Robinson, to enforce or collect said judgment."

The appellant excepted to the conclusions of law, stating his exceptions in general terms.

If the judgment rendered by the justice of the peace, on the 27th day of April, 1878, against both Robinson and Hilliard, was by the court deemed in force as against the latter, then the conclusions of law were clearly erroneous. It is.

settled that a judgment against one of several joint obligors discharges the others, except in cases where the statute expressly provides otherwise. *Kennard* v. *Carter*, 64 Ind. 31; *Nicklaus* v. *Roach*, 3 Ind. 78; *Holman* v. *Langtree*, 40 Ind. 349; *Erwin* v. *Scotten*, 40 Ind. 389; *Mullendore* v. *Silvers*, 34 Ind. 98. The inference from the language used by the court, in the special finding and conclusions of law, is, that the court regarded the judgment of April 27th, 1878, as in full force against Hilliard; and, if this is so, then the judgment against Robinson was erroneous. If we were clear that it is our duty to construe the findings and conclusions as declaring that the judgment of April 27th, 1878, was in force against Robinson's co-obligor, then we should be inclined to enter judgment for appellant on the special finding, but this we prefer not to do.

It is earnestly insisted that the motion for a new trial ought to have been sustained because the finding and judgment are contrary to the evidence.

An important question of practice requires consideration before discussing the principal question which counsel argue. The appellant's exception to the conclusions of law, it is said, concludes him from questioning the correctness of the finding of facts. We think otherwise. A party who excepts to the conclusions of law does not conclude himself from controverting the facts stated in the special finding. He admits their truth for the purposes of his exceptions, just as one who demurs to a pleading admits the facts stated. When the exception in the one case, or the demurrer in the other, is disposed of, the party is at liberty to controvert the statements made in the finding or pleading excepted or demurred to. When the exception is overruled, the party may then, by his motion for a new trial, present the question of the correctness of the finding of facts.

The case of *Cruzan* v. *Smith*, 41 Ind. 288, is not, when correctly understood, in conflict with the doctrine we have here

declared. It is true that the court there said, "When a party excepts to the decision of the court, he admits that the facts are correctly and fully found, but says that the court erred in applying the law to the facts found to exist." This statement was correct as applied to the question then under consideration, for a party does by his exception admit the correctness of the finding of facts, but the admission is not a conclusive one. All that was meant in the case referred to is that the exception was an admission for the purpose of the exceptions. That we place a correct construction upon the holding in *Cruzan* v. *Smith,* is shown by the fact that the court there quoted with approval from the case of *Schmitz* v. *Lauferty,* 29 Ind. 400, the following language: "But if the 'decision is not sustained by sufficient evidence, or is contrary to law,' then the case is within the sixth specification of section 352 of the code, 2 G. & H. 212, and a motion for a new trial is proper."

We have looked through the evidence, and are satisfied that, upon one or more material points, the finding is opposed by uncontradicted evidence. There was in truth, no conflict of evidence. The only possible question is as to the effect to be given the documentary evidence introduced by the parties.

We think justice can be best done by reversing, and remanding the cause for a new trial; and we therefore reverse the judgment, at costs of the appellees, and remand the cause with instructions to sustain appellant's motion for a new trial.

Opinion filed at November term, 1880.
Petition for a rehearing overruled at May term, 1881.