No. 10,528.

## LAWRENCE, ADMINISTRATOR, *v.* SAMPLE.

PROMISSORY NOTE.—*Joint Makers.*—*Personal Defence.*—*Judgment against One.*—*Puis Darrein Continuance.*—Where one of two makers of a joint promissory note succeeds in a defence personal to himself, and not involving the merits of the action, against both of the makers, and upon appeal the judgment in his favor is reversed, he can not upon a new trial escape liability under a plea *puis darrein continuance*, alleging that a judgment has been taken, in such action, against his co-defendant, which still remains in force.

From the Benton Circuit Court.

*W. D. Wallace* and *A. A. Rice,* for appellant.

*W. C. Wilson, J. H. Adams* and *J. R. Coffroth,* for appellee.

BLACK, C.—Christiana Underwood, executrix of the will of John Underwood, her deceased husband, brought suit in the Tippecanoe Circuit Court against David McBride and the appellee, John G. Sample, upon a joint promissory note made by said defendants to said John Underwood.

McBride, upon whom there was due service of summons, was defaulted. Sample appeared and answered in two paragraphs: *First.* Payment by McBride. *Second.* That McBride executed the note as principal and Sample executed it as McBride's surety, which fact was well known to the payee and to the plaintiff; and that the plaintiff having such knowledge, she and McBride, without the knowledge or consent of Sam-

ple, entered into a contract whereby for a valuable consideration stated, the time of payment of the note was extended for five years after its maturity.

The plaintiff replied to these answers by a general denial. There was a trial by jury, and a verdict was returned in favor of Sample. A motion for a new trial made by the plaintiff was overruled, and judgment in favor of Sample was rendered on the verdict on the 5th of November, 1875. After the rendition of this judgment, and on the same day, on motion of the plaintiff, judgment was rendered in favor of the plaintiff for the amount of the note against McBride, the default against whom had been entered on the 26th of June, 1875.

From the judgment in favor of Sample the plaintiff appealed, and this court, upon that appeal, reversed said judgment in favor of Sample, and remanded the cause for a new trial. See *Underwood* v. *Sample*, 70 Ind. 446.

After the return of the cause to the Tippecanoe Circuit Court, Sample filed his plea *puis darrein continuance*, alleging that the plaintiff ought not further to maintain her action for reasons set forth, being, in effect, that judgment had been rendered in favor of Sample as aforesaid, which had been reversed as above stated; that the plaintiff had taken judgment against McBride as aforesaid; and that the judgment against McBride remained in force.

The plaintiff's demurrer to this plea was overruled, and she replied by denial.

The death of the plaintiff having been suggested, the suit, upon the petition of the appellant, Levi L. Lawrence, administrator with the will annexed of said Christiana Underwood, deceased, was revived in his name, as successor in interest.

The venue was changed to the Benton Circuit Court, where, all the original answers having been withdrawn, the issue formed by the denial of the plea *puis darrein continuance* was tried by the court, the result being a finding and a judgment thereon in favor of the appellee.

It is a well known rule of the common law, not changed

by the code, that a judgment against a joint debtor, obtained in an action on the joint contract against him alone, is a bar to a subsequent action on such contract against the other joint debtors. *Suydam* v. *Barber*, 18 N. Y. 468; *Peters* v. *Sanford*, 1 Den. 224; *Cox* v. *Maddux*, 72 Ind. 206; *Robinson* v. *Snyder*, 74 Ind. 110.

Provision is made by our code, sections 320, 321, R. S. 1881, that where the action is against two or more defendants jointly indebted on contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against those served, and if he recover judgment against them, he may afterwards proceed against those not summoned and who did not appear, as if they alone were liable, alleging the former proceeding in his complaint.

When all the joint debtors are sued and served with process, it is error to render judgment against some of the defendants and in favor of others, unless the latter establish some matter going to their personal discharge, and not to the merits of the action against all the defendants; for unless there be some such matter, the defendants are only jointly liable, if liable at all. *Mullendore* v. *Silvers*, 34 Ind. 98.

If the judgment for the appellee, which was reversed, was rendered upon the theory that he had established his personal defence of extension of time of payment, it would not be error to render the judgment which was rendered for the plaintiff against McBride.

Did the rendition of the judgment against McBride preclude any further proceeding on the part of the plaintiff against the appellee, upon the reversal of the judgment entered in his favor?

We do not find that this question has been directly decided by this court. Expressions in some opinions, not required by the facts of the cases, may seem to suggest an affirmative answer to this question. But upon careful consideration, after such examination of reported cases as we have been able to make, we have concluded that such an answer is not

required by our authorities, and that such a doctrine would be inequitable.

It is contrary to the spirit of modern jurisprudence to permit technical rules of procedure to operate as mere traps for the unwary.

Here the plaintiff did not elect to pursue a single one of the joint debtors, but brought suit against all of them. A judgment was obtained by the plaintiff, which would have been against both of the defendants but for the erroneous verdict in favor of one upon a personal defence. The plaintiff, or her successor, is still pursuing the appellee in the action in which the judgment against McBride was entered.

Giving effect to the equitable spirit of the code, and following the analogy of said sections 320 and 321, we hold that the cause of action against the appellee is not merged in the judgment against McBride, and that the court erred, therefore, in overruling the demurrer to the plea *puis darrein continuance.*

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellee, and the cause is remanded, with instruction to sustain the demurrer to the plea *puis darrein continuance.*

HAMMOND, J., took no part in the decision of this cause.

Filed May 16, 1884.    Petition for a rehearing overruled Sept. 20, 1884.