Johnson, J.
It appears from the petition that during the trial of relator for murder in the second degree, numerous exceptions were taken by him to the rulings of the court; that he consented to postpone reducing them to writing in order not to delay the trial, and that after the overruling of the motion for a new trial, he further excepted, and consented that his exceptions might subsequently be reduced to writing; that during the term, and on the day of its adjournment, his counsel not being able to complete his bill of exceptions, moved the court to keep the journal open for thirty days, to enable him to complete and have signed his bill of exceptions to the overruling of his motion for a new trial. This motion or request was refused.
This was on the 8th of January, and on the same day the court adjourned sine die. Oh the 12th of January, thereafter, his counsel presented the bill of exceptions, filed with the petition herein, and which is averred to be a true bill, to defendant as judge and asked him to allow, sign, and seal the-same, which he declined to do, though not disputing or denying its truthfulness. He refused to examine the same to ascertain whether it was true or not'. An alternative writ was issued, commanding him to sign said bill or show cause why he does not.
The answer admits there were sundry exceptions during the progress of the trial. He does not deny but that plaintiff consented to postpone, reducing these to writing after the-trial, but denies that there was any “ request, agreement, or understanding that there should be any postponement.” He makes no. denial of the averment that plaintiff consented to a delay in preparing a bill, on the overruling of the motion for a new trial, but says that during the last *22 five years he has done what he could to break up the “ lazy habit” of postponing the drawing of such bills, and insisted on having them drawn as soon as the verdict is rendered.
He says no bill was presented to him during the term, and he supposed none would be presented until the last day of the term, when relator’s counsel appeared in court and informed it that the bill was being prepared, and would be ready the next day, and was told by the court that it would adjourn that day, and if presented before adjournment it would be signed, which was not done. The counsel also asked that the journal of the court be kept open for thirty days. This was n ot done. As a reason for this refusal he says the bill professed to set out all the evidence and he, feeling entirely satisfied that relator had hada fair and impartial trial, refused to examine or sign the bill. He adds that there was grave danger that if relator got a new trial and was indicted for murder in the first degree, he might be convicted of that instead of murder in the second degree, with which he then stood charged. To this answer the plaintiff filed a general demurrer.
These facts present for our consideration two questions. First, Shall a peremptory writ be awarded ? Second, If so, whether it should command the defendant to sign a bill of exceptions or the bill filed with the petition in this case.
1. Is the relator entitled to a peremptory writ?
This involves a construction of sections 5301 and 5302 of the Revised Statutes.
Section 5301 provides for taking exceptions to the rulings of the court during the progress of the trial, and to the overruling of a motion for a new tidal.
By section 5302 it is provided : “ If the exception be true, or, if it be not true, then after it is corrected, a majority of the judges composing the court must allow and sign it before the case proceeds, or, if the party consent, within thirty days after the term; . . . and if it is to be signed after the term of the journal' must be kept open and the allowance and signing thereof entered thereon as of the term.”
*23 By the “party” who may consent to the extension for thirty days is meant the party who excepts.
This section of the statute is derived from section 4, as amended, of the act of April 12, 1858 (2 S. & C. 1155 to 1157), which provides that “it shall be the duty of the judge or judges ... if required by such party during’ the progess of the case, to sigu and seal a bill containing such exception-or exceptions, before the ease proceeds; or, if the party consents, the signing and sealing of such bill of exceptions may' be suspended until the trial is closed, bnt said bill of exceptions shall be signed and sealed during the term.”
This statute authorized the court, with the consent of the party excepting, to suspend preparation, allowance, and signing of the bill until the trial is closed, but required it should be allowed and signed during the term.
Whether prepared during the progress of the trial or afterward during the term, it was the imperative duty of the court, if the exception be true or if not true, after it is corrected, to allow and sign the same.
The effect of section 5302 is to extend the time for the performance of this duty thirty days after the term, with the consent of the exceptor.
The pleadings admit that the exceptor in this case consented and indeed had appealed to the court for this extension of thirty days, and that the journal might be kept open, but this was refused, and on the same day the court adjourned. It appears that exceptions were taken during the progress of the trial, and also after verdict, to the overruling of the motion for a new trial, and that the relator’s counsel, being unable to complete his bill of exceptions before the adjournment of the court, made this request in order that he might prosecute error to this court. This request was denied, because the judge wished to discourage the lazy habit of postponing the preparation of bills until the last day of the term. Afterward, and within four days, this bill of exceptions was prepared and presented for allowance and signature, but the judge refused *24 to even read it or allow and .sign it, not however on the ground that it was not a true bill, but solely for the reason that he felt satisfied that the relator had a fair and impartial trial, and also thought there was grave danger, that if he obtained a new trial, he might be re-indicted for murder in the first degree, .and found guilty thereof.
We are all agreed that this answer was insufficient, and that the demurrer thereto must be sustained. We hold that the relator upon the facts stated had the same right to present his bill within the thirty days as he had during the term; and that it was the duty of the court if the bill be true, or if not, then after it is corrected, to allow and sign the same.
2. The relator then, being entitled to a peremptory writ, the question arises, shall it command the defendant to sign the bill of exceptions properly teudered to the defendant, which he refused to sign, or shall it command him to sign a bill, leaving to him a discretion to detetmine whether the bill presented is true or not?
The defendant has not asked to amend his answer, and if he did it would rest in the discretion of the court to allow it, and the case, therefore, stands as though no return had been made to the writ.
Section 6745 Revised Statutes provides that when the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a court may in the first instance grant peremptory mandmanus, but in all other cases the alternative writ must first be issued. By section 6746 it is provided that the allowance of the writ and an order when it is alternative, shall be that he do the act, or show cause why he does not do it, shall be entered on the journal.
By section 6748 it is made the duty of the defendant to show such cause, or he may demur to the petition.
If he answer, the plaintiff’ may demur or reply, and the defendant may demur to the reply as in a civil action. (Rev. Stats., § 6749.) If no answer be made a peremptory mandamus must be allowed against the defendant. (Rev. *25 Stats., § 6750.) The pleadings shall have the same effect, and must be construed as in civil actions. (Rev. Stats., § 6751.)
It is clear that the ordinary rules of pleading prescribed in civil actions apply to proceedings in mandamus. If the petition states a case, and there is no ausvver showing cause why the writ should not be granted, the statute is imperative. “A peremptory mandamus must be allowed against the defendant;” so if an insufficient reason be given, the plaintiff may demur, and if his demurrer is well taken he is entitled to judgment, as in other civil actions for the relief prayed for, unless the answer be amended as in other civil actions.
We are unanimous in the opinion that the demurrer is well taken, and must be sustained. This leaves the petition without answer.
The defendant having failed to show cause why he should not sign the bill filed with the petition, as commanded, it would seem to follow as a necessary conclusion that the relator is entitled to judgment as prayed for.
The prayer is, “ to compel the said James E. Hawes, as said judge, to allow and sign said true bill of exceptions in said case,” etc.
The law commanded him to do this, or show cause why he did not. Having, as we are all agreed, shown no cause, the judgment should make the alternative writ absolute. It is said, however, that an inferior court will not be interfered with in the exercise of its discretion. That is true, and had the answer in this case averred that the bill presented was not true in fabt, no peremptory writ would issue to sign auy bill.
When by the case made by the parties, it appears that there is no judicial discretion to be exercised, the reason of the rule does not exist, and the rule ceases to apply.
This rule is.not specially applicable to inferior courts, but exteuds to all inferior boards or tribunals. Wherever by law the power to decide is vested in an inferior tribunal, that power will not be usurped or disturbed, but where'the alternative writ commands the doing of a specific act, such *26 as in this case, to sign the bill of exceptions filed with the petition, and it is admitted by the answer, as it is here, to be true, and no sufficient reason is shown why it was not signed, the statute is imperative : “ If the exception is true . . . the court must allow and sign it.” (Rev. Stats., § 5302.) If the bill is true there is no discretion. The act to be done is purely ministerial, and all agree that in such a case the rule must be made absolute.
The only reason given for the refusal is that relator had had a fair trial, and there was danger that if he got a new trial he might be indicted and convicted of a higher degree of homicide. This is not a showing of sufficient cause for not signing the bill tendered, which by the rules of pleading he admits to be true. I understand my dissenting brethi’en concede that if the answer had expressly admitted this to be a true bill he should be commanded to sign it. By the settled rules of pleading, all material allegations of the petition not denied are, for the purposes of the case, admitted. In this respect there is no difference between an admission expressly made and one made by silence.
It is said, it does not appear, that he ever read the bill, and hence has not exercised the discretion vested in him. It appears he refused to examine or sign it within the proper time, before the alternative writ was awarded. This bill was on file with the petition when he answered. The writ commanded him to sign that particular bill, or show cause why he did not. We have no right to assume he did not read it before answering. The command of this court made it his duty as a public officer to answer with particularity. We can not assume he has been frivolously trifling with this court. He had ample opportunity to read this bill, and we can not assume that he has not done so. We must presume he has, in good faith, made all the answer within his power, which it was his sworn duty to do. It was the duty of defendant to make all his defenses in one answer, and to assume he has not read this bill is to impute to him either a want of legal knowledge or an indifference to the command of this court, which is not warranted. We *27 have no reason to impute to him any other motive than to perform his whole duty.
Our statute makes no new rule of pleading or practice in mandamus proceedings. It is but the embodiment of the settled practice in force before the code of civil procedure adopted.
The authorities are all in support of the conclusion reached by the majority.
Thus, The People v. Pearson, 2 Scam. (Ill.) 189, was a mandamus to compel a judge to sign a “ certain bill of exceptions which was tendered to him on the trial.”
The judge had signed a bill with certain portions of the evidence stricken out, and this was a proceeding to compel him to sign another bill containing the evidence which he had stricken out. The judge made no return or answer to the alternative writ, nor did he return the writ itself, but by counsel appeared and filed an answer, which contested the power of the court over him. The court say'his answer is au insufficient compliance with the mandamus heretofore awarded (the alternative writ), and awarded a peremptory writ, “ directing the signing the bill of exceptions required by the first writ.” The court add that if the judge had been of the opinion that the bill was not true it would not interfere with the discretion of the judge in this respect. After pointing out the limits of this discretion, and showing that if the bill was true the act of allowing and signing was a mere ministerial act, it is said : “ In the absence of such a return (that is, one showing the existence of such a discretion), with such explanatory reasons for a refusal to sign the bill of exceptions required by the party, we are bound to award, a peremptory mandamus to cause the signing of the particular bill of exceptions exhibited.”
This ease, in another form, again came before the court in 3 Scam. 270, when the same ruling was reaffirmed.
In Page v. Clopton, Judge, 30 Grat. 417, 418, it is said if the relator’s right is clear, and he is without any other adequate remedy, the mandamus will be granted, but if it is doubtful or there is a discretion to be exercised, it will *28 not. “ If the conditions of the statute are satisfied, the right of the party is clear, and the duty of the j udge equally clear, and it is imperative. He has no discretion in the matter.”
In Springer v. Peterson, 1 Blackf. 188, a mandamus was awarded to compel the associate, judges to sign a bill of exceptions, which had been signed by the president judge, or show cause,'*and no cause was shown, the court awarded a peremptory writ compelling them to sign the particular bill.
Douglas v. Loomis, Judge, 5 West Va. 542, is also directly in point, and it was held that the power exists to compel- a judge to sign a particular bill, which it is conceded by him to correctly state the facts.
The rule as there laid down is: “that the judge, in a case where the charge is that he refused to sign any bill, is commanded, in the conditional writ, to sign and seal the bill if it correctly sets forth the facts. But where the complaint is that he refused to sign a particular bill, ho is required to sign the bill, or show cause why he has not done so.”
The answer to a mandamus must respond to all the allegations in the writ, or it will bo held bad on demurrer. Gorgas v. Blackburn, 14 Ohio, 252.
And if a judge refuses to sign a bill of exceptions, he should make known the cause. State v. Judges, 1 West. Law J. 358-. While the mandatory part of the writ may bo very general, the return or answer must be very minute in showing why the party did not do what he was commanded to do. (Compton and Blackburn, JJ.) Regina v. The Commissioners, etc., 1 Best & Smith, 4.
So, a return to an alternative writ is insufficient which merely alleges that the. relator had no authority to compel the respondent to sign the bill, since he himself must be the judge of the correctness of the exceptions, if it fails to show that the bill as presenteddid not truly state the facts, or that the exception was not taken in the proper time and manner. Etheridge v. Hall, 7 Porter, (Ala.) 47; High Ex. Rem., sec. 210.
*29 It is the duty of the respondent- to set forth in his return or answer the nature of his defense, either by denying the allegations of the writ or stating facts sufficient to defeat the relator’s right. It should contain positive allegations of fact, and not mere inferences from facts. Com. v. Commissioners, 37 Pa. St. 277.
By the ancient common law, the greatest rigor was applied in construing returns to alternative writs. The object of the pleadings was, as it still is, to produce a definite issue, and while the rigor of the ancient rule as to the return is relaxed under our code, the sufficiency of the return, and the judgment that follows upon the issue found, is the same now as then.
Seo High Ex. Rem., sections 457 to 487 for a fall discussion of this subject; also Chapter X of same volume.
Under the head of Pleadings in Mandamus in that work, this whole subject is fully discussed and the view of the majority fully sustained.
It is said that the peremptory writ should leave him the discretion to refuse to sign, this bill, if, upon examination, he found it not a true bill. This in legal effect would be but an alias alternative writ, a thing unheard of in practice. He was commanded to sign this bill or show cause. He shows no cause, though he had a day in court and filed an answer, which by the rules of pleading admits this to be a true bill.
A mandate now, upon this state of fact, simply to sign a bill of exceptions, leaving the judge, after he has had his day in court, to put up some new defense or give some new reason, would be an anomaly as a peremptory command. It would only be another command to do the act or again show cause.
Peremptory m'andamus awarded as prayed for.