No. 4.

## BEATTY v. O'CONNOR ET AL.

PARTNERSHIP.— Action Against Partners.— Several Judgments.— Inapplicability of Section 568, R. S. 1881.—Where defendants are sued as partners, and judgment by default is taken against one, the provision of section 568, R. S. 1881, that judgment may be given "for or against one or more of several defendants," is not applicable in support of a judgment against the other, who pleads to the action, and is not shown to be jointly liable as a partner. To obtain a judgment against him there must have been a verdict based upon evidence establishing his joint liability with his co-defendant as his partner.

From the Marion Superior Court.

R. Hill, for appellant.

F. Winter and J. B. Elam, for appellees.

BLACK, C. J.—An action was brought by the appellees, as partners, against the appellant, William Beatty, and Henry Auton, as partners, on an account for goods, wares and merchandise sold and delivered to the defendants under their firm name and style of Beatty & Auton, at the special instance and request of the defendants, and upon authority given by them to one John H. Beatty, who managed their affairs.

In the transcript before us, after the complaint and the entry showing the assignment of the cause to special term, the clerk has inserted a memorandum, not purporting to be a transcript of matters of record, but being an informal statement concerning a judgment by default and an appeal to the Supreme Court. The record then shows that the appellant filed an answer in two paragraphs, the first being a general denial, and the second alleging that he was not then, and that he never was at any time, a member of the firm of Beatty & Auton mentioned in the complaint, or consented to his being held out as such.

There was a trial by jury, and upon the verdict returned

VOL. 2.—22

judgment was rendered against the appellant for two hundred and seventy-one dollars and thirty-four cents.

The appellant's motion for a new trial was overruled, and this ruling is assigned as error.

Among the instructions given by the court to the jury was one informing the jury that judgment had theretofore been entered against the defendant Henry Auton, and instructing that "the only question now is, whether under the evidence William Beatty is liable on the account herein."

It is assigned, among the reasons stated in the motion for a new trial, that the verdict is not sustained by sufficient evidence, and that it is contrary to law ; also, that the court erred in modifying one of the instructions asked by the appellant.

We have examined the voluminous record and we find the evidence insufficient to render the appellant liable as a partner of Henry Auton.

The appellee contends that the evidence is sufficient to show that, if the appellant was not a member of the firm, the goods in question were purchased for him by his agent, and that the only question is whether the purchase was made under such circumstances as to render the appellant liable for them, and reference is made by counsel to the provision of the code that judgment may be given "for or against one or more of several defendants" (section 568, R. S. 1881), and to numerous decisions of the Supreme Court holding that this provision authorizes the rendition of judgment against one defendant on a complaint founded on a joint cause of action against two or more.

This theory that the appellant might be held liable under authority given by him to an agent to bind him individually was introduced into the instructions to the jury by the modification assigned as a reason in the motion for a new trial, thereby producing, as is suggested by counsel for the appellee, an inconsistency in the instructions, others of which (regarded by counsel for the appellee as too favorable to the

appellant) proceeded upon the theory that the appellant could be held liable only as a partner of Auton.

The appellant made no effort, and he could not have done so successfully, to prevent the further maintenance of the action against him because of the previous rendition in the same action of the judgment against Auton. That judgment did not prevent the further pursuit of judgment against the appellant. *Pattison* v. *Norris,* 29 Ind. 165; *Lawrence* v. *Sample,* 97 Ind. 53.

Contracts of partners are joint contracts, and partnership debts are joint debts. *Crosby* v. *Jeroloman,* 37 Ind. 264.

It has been held under our code in an action on an account, the complaint alleging a partnership between the defendants, that an answer denying the partnership did not tender an immaterial issue. *Dickensheets* v. *Kaufman,* 28 Ind. 251.

It has been held, also, that when the complaint charged the defendants as partners, the general denial required the plaintiff to prove all the defendants liable as partners. *Graham* v. *Henderson,* 35 Ind. 195.

Under the code, if several defendants are sued jointly, a general denial puts the plaintiff to proof of the joint liability, if he would obtain a joint judgment. *Stafford* v. *Nutt,* 51 Ind. 535.

The provision of section 568, *supra,* that judgment may be given for or against one or more of several defendants, applies to actions on contracts, whether joint and several, or joint only, as well as to actions founded on tort. *Hubbell* v. *Woolf,* 15 Ind. 204; *Fitzgerald* v. *Genter,* 26 Ind. 238; *Stafford* v. *Nutt, supra; Moyer* v. *Brand,* 102 Ind. 301 (306).

Defendants sued upon a joint cause of action, if liable at all, are only liable jointly, unless there be some matter going to the personal discharge of one of them, in which case judgment may be rendered for him, and yet there might be judgment against the other defendant. Parties so sued are entitled to have the judgment rendered against them jointly,

and not against one of them alone, unless it be established that one is not liable, while the other is liable on the contract. *Mullendore* v. *Silvers*, 34 Ind. 98 ; *Lawrence* v. *Sample, supra.*

In *Fitzgerald* v. *Genter, supra,* it was found that the defendants were not partners, and that the defendant Lawrence Genter was not indebted to the plaintiff, but that the defendant Robert Genter was indebted to the plaintiff. It was accordingly held that judgment should have been rendered for the plaintiff against Robert Genter, and for Lawrence Genter against the plaintiff.

It was said in *Stafford* v. *Nutt, supra,* if the plaintiff do not prove the joint liability of defendants jointly sued, it does not follow that he must wholly fail in his action ; for, as was said in *Hubbell* v. *Woolf, supra,* the plaintiff, under the statute, may have judgment against one or more of the defendants, if he shall make out a good cause of action against them, although he fail as to the others.

In the case last mentioned, language of SELDEN, J., in *Blodget* v. *Morris,* 14 N. Y. 482, was quoted in part as follows : "The object of the provision obviously is, to prevent a plaintiff who proves a good cause of action against a part of the defendants, but not against the others, from being put to the delay and expense of a new action. It was not intended to change the law in any other respect."

In *Draper* v. *Vanhorn,* 12 Ind. 352, referring to section 368 of the code of 1852, being section 438 of the code of 1881 (R. S. 1881, section 568), it was said that "the court may render judgment for one of several joint plaintiffs and against the others ; * * and so of defendants."

In *Graham* v. *Henderson, supra,* it was said : "It is only where the court or jury finds for some of the defendants and against others that judgment can be so rendered."

There being a subsisting judgment against the appellant's co-defendant, Auton, rendered in the same action upon the joint cause of action stated in the complaint, the provision

of the code in question was not applicable in support of a judgment against the appellant. To obtain a judgment against him there must have been a verdict based upon evidence establishing his joint liability with Auton, as his partner.

The judgment against the appellant is reversed, with costs, and the cause is remanded for a new trial.

Filed April 28, 1891; petition for a rehearing overruled Sept. 19, 1891.