JONES and Another *v.* MARTIN.

A justice's judgment in favour of *Jones* & *Wolf* against *H. H. Greenup* was replevied. *Held*, that the judgment, though irregular, was not a nullity; and that a *scire facias* against the replevin-bail might, with proper averments, be sustained.

APPEAL from the *Tippecanoe* Circuit Court.

SULLIVAN, J.—*Scire facias* against the defendant as replevin-bail. The facts of this case are, that the plaintiffs, *Jones* & *Wolf*, by their partnership name, obtained a judgment by confession against *H. H. Greenup* before a justice of the peace, which was replevied by the defendant, *Martin*. Execution issued against the goods and chattels of *Greenup*, which was returned *nulla bona*. *Scire facias* was then issued by the justice, requiring the defendant to appear and show cause why execution should not issue against him. It appears from the writ that on, &c., *Mark Jones* and *David Wolf*, by the name and description of *Jones* & *Wolf*, obtained a judgment against *Henry H. Greenup*, by the name of *H. H. Greenup*, &c. Judgment against the defendant by default before the justice. On appeal to the Circuit Court, the defendant had leave to file the plea of *nul tiel record*. On the trial, the plaintiff introduced in evidence the transcript of the judgment of the justice of the peace, and offered to prove by the justice, that the parties named and described in the *scire facias*, were the same persons who were the parties to the original suit before him, but the Court rejected the testimony. Judgment for defendant.

The judgment of the justice, and all the proceedings before him in the original suit, were irregular, but the judgment is not a nullity. It may be made the foundation of other proceedings, and by proper averments a clear right in the plaintiffs to recover upon it may be shown. All the averments, necessary to show that right in the present case, are contained in the *scire facias* before us, and the testimony offered by the plaintiffs would have proved them. The Court erred in rejecting the proof offered (1).

May Term,
1840.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. M. Jenners*, for the appellants.

(1) Vide ·*Barrackman* v. *J. M. Worthington & Co.*, *ante*, 213.—*Downard et al.* v. *Sluder*, and *Codding* v. *Moore et al.*, *May* term, 1841.—*Tanner* v. *Swearengen & Co.*, *Nov.* term, 1842.