DOWNARD and Another *v.* SLUDER.

A *sci. fa.* for execution in the Circuit Court on the judgment of a justice of the peace, after stating that the plaintiffs, *James Downard* and *William H. Downard*, filed in the clerk's office a transcript of a judgment of a justice in their favour against the defendant, which had been entered in the order book, set out the transcript *in hæc verba*. The transcript thus set out showed a judgment in favour of " *James* and *William H. Downard*" against the defendant, and that an execution, which was issued upon it, had been returned " no property found." *Held,* that the *sci. fa.* was sufficient.

ERROR to the *Hendricks* Circuit Court.

DEWEY, J.—This was a *scire facias* for execution in the Circuit Court on the judgment of a justice of the peace. The *scire facias*, after stating that the plaintiffs, *James Downard* and *William H. Downard*, filed in the clerk's office a transcript of a judgment of a justice of the peace in their favour against the defendant *Sluder*, which had been entered in the order book, set out the transcript *in hæc verba*. The transcript thus set out shows a judgment in favour of " *James* and *William H. Downard*" against *Sluder*, and that an execution, which was issued upon it, had been returned " no property found." The defendant demurred to the *scire facias*. The demurrer was sustained, and ·final judgment rendered for the defendant.

This judgment is erroneous. The allegation in the *scire facias* that the justice's judgment was in favour of the plaintiffs, is equivalent to an averment that they recovered it in the names of *James* and *William H. Downard*. A judgment in this form is not a nullity. It might, indeed, have been avoided by objecting the want of proper parties to the action in due time; but it was too late to urge that objection against the *scire facias*. *Jones et al.* v. *Martin*, *May* term, 1840. The writ, also, by copying the transcript containing those

May Term, 1841.

facts, virtually alleges that an execution had issued upon the judgment, and that it had been returned "no property found." This is all the statute requires.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

C. C. *Nave*, for the plaintiffs.