## NICKLAUS *v.* ROACH and Another.

The taking of a judgment against one of two partners upon a partnership debt, discharges the other, at law, from the debt.

Where the partner thus discharged, being ignorant of the fact that such a judgment had been rendered, and confiding in the representations of the creditor that none had been, executed his note to the creditor for the debt, it was *held*, that a suit could not be maintained upon the note.

APPEAL from the *Jefferson* Circuit Court.

BLACKFORD, J.—*Bryan Roach* and *Dennis Long*, partners, trading under the firm of *Roach* and *Long*, brought an action of debt in the *Jefferson* Circuit Court against *John Nicklaus.* The suit was commenced in 1849, and is founded on a promissory note given by the defendant to the plaintiffs. The note is as follows:

"$135 78. *Madison, April* 2, 1849. Ninety days after

date, I promise to pay to the order of *Roach* and *Long* 135 dollars and 78 cents, with interest from date, for value received of them. Witness my hand the day and date above written. *John Nicklaus*."

The defendant pleaded in bar, substantially, as follows:

That on the 8th of *November*, 1847, the defendant and one *George Dapput* were partners, doing business under the name of *John Nicklaus* and *Co.*, and, as such partners, they became indebted to the plaintiffs in the sum of 747 dollars and 78 cents, for goods sold, work and labor, and money paid. That on the 20th of *June*, 1848, the defendant and said *Dapput*, still being partners as aforesaid, paid to the plaintiffs 612 dollars, parcel of said 747 dollars and 78 cents; leaving a balance due to the plaintiffs from the defendant and said *Dapput*, as partners as aforesaid, of 135 dollars and 78 cents.

That on the 6th of *July*, 1848, the defendant and said *Dapput* dissolved their partnership, and said *Dapput*, for a valuable consideration, agreed with the defendant to pay to the plaintiffs the said debt of 135 dollars and 78 cents; of all which the plaintiffs then had notice.

That on the 11th of *October*, 1848, on an account being stated by and between the plaintiffs and said *Dapput* of and concerning said last mentioned sum of money, and the interest thereon, there was found due to the plaintiffs from said *Dapput*, on account of that money and interest, the sum of 140 dollars and 55 cents, for which sum the said *Dapput* then gave to the plaintiffs his promissory note, which note the plaintiffs accepted and received for and on account of said 135 dollars and 78 cents and interest.

That up to the time of the giving of said note, the only evidence of said indebtedness was an open account kept by the plaintiffs with the defendant and said *Dapput*.

That afterwards, at the *October* term, 1848, of the *Bartholomew* Circuit Court, and before the commencement of this suit, the plaintiffs, in a suit on said note, recovered judgment against said *Dapput* for 140 dollars and 69

cents with costs, which judgment remains in full force and unsatisfied.

That, afterwards, on the 2d of *April*, 1849, the plaintiffs represented to the present defendant that the said sum of 135 dollars and 78 cents, balance of the account aforesaid, was still unpaid, that they had not taken the note of said *Dapput*, nor recovered judgment against him, for said debt, nor settled the same in any other manner.

That at the time those representations were made, the present defendant resided about forty-five miles from where said *Dapput* resided and then was, and from where said judgment was rendered; and the defendant, relying on the truth of said representations, and supposing himself liable to pay said balance of 135 dollars and 78 cents to the plaintiffs, and in consideration of that balance, and for no other consideration, executed to the plaintiffs the note in the declaration mentioned.

That the consideration of the note now sued on was the same as, and was identical with, the consideration of the note given as aforesaid to the plaintiffs by said *Dapput*, except that the latter note included interest on the 135 dollars and 78 cents.

That, therefore, the note in the declaration mentioned was given without consideration. Verification.

The plaintiffs demurred to the plea. The demurrer was sustained; and final judgment rendered for the plaintiffs.

Whether the plea is valid or not is the only question in the cause.

The plea is in bar of a suit on a promissory note. The most important facts stated in the plea, are the following: The present defendant and one *Dapput* having, as partners, contracted a debt with the plaintiffs, dissolved their partnership. *Dapput*, afterwards, gave to the plaintiffs his own note for the amount of said debt and interest, which note the plaintiffs accepted for and on account of that debt. The plaintiffs then sued *Dapput* on his said note, and recovered judgment against him. The present defendant, afterwards, relying on certain false representa-

tions of the plaintiffs, gave them the note now sued on for said partnership-debt.

We are of opinion that this plea is valid, on the ground that the plaintiffs, by obtaining a judgment against *Dapput* on his note, which they had taken on account of the partnership-debt, had discharged the present defendant from that debt. The said partnership-debt, contracted by the present defendant and *Dapput*, must be considered, in a Court of law, as a joint debt, and not as a joint and several one. If one of two partners be sued for a partnership-debt, the defendant may plead in abatement the non-joinder of the other. That could not be done, if the debt was joint and several. The original debt, therefore, being joint only, the plaintiffs had but one cause of action for that debt, and could be entitled, of course, but to one judgment on that cause of action. Where the contract is joint and several, the law is otherwise: there the creditor may proceed against each debtor separately till the debt is satisfied. The doctrine, that where the debt is joint only, the creditor can have but one judgment, is very clearly settled in a late case in the *English* Court of Exchequer. There the plea to an action of debt stated, that the contract declared on was made by the plaintiff with the defendant and one *Smith*, and not with the defendant alone; and that the plaintiff had previously recovered a judgment against said *Smith* for the same debt. That plea was held, on demurrer, to be good. The Court there said—

" If there be a breach of contract, or wrong done, or any other cause of action by one against another, and judgment be recovered in a Court of record, the judgment is a bar to the original cause of action, because it is thereby reduced to a certainty, and the object of the suit attained, so far as it can be at that stage; and it would be useless and vexatious to subject the defendant to another suit for the purpose of obtaining the same result. Hence the legal maxim, ' *transit in rem judicatam*'—the cause of action is changed into matter of record, which is of a higher nature, and the inferior remedy is merged in the

higher. This appears to be equally true where there is but *one cause of action*, whether it be against a single person or many. The judgment of a Court of record changes the nature of that cause of action, and prevents its being the subject of another suit, and the cause of action, being single, cannot afterwards be divided into two. Thus it has been held, that if two commit a joint tort, the judgment against one is, of itself, without execution, a sufficient bar to an action against the other for the same cause. * * * * * We do not think that the case of a joint contract can, in this respect, be distinguished from a joint tort. There is but one cause of action in each case. The party injured may sue all the joint tort-feasors or contractors, or he may sue one, subject to the right of pleading in abatement in the one case, and not in the other; but, for the purpose of this decision, they stand on the same footing. Whether the action be brought against one or two, it is *for the same cause of action.*" *King* v. *Hoare*, 13 Mees. & Welsby, 494.

There can be no doubt, therefore, but that the plaintiffs in the present suit, by recovering a judgment against *Dapput* for the partnership-debt, discharged the now defendant from all liability for that debt.

But after the defendant was so discharged from the partnership-debt, he gave the note now sued on for the same debt. We must, therefore, inquire whether, although the defendant had been previously discharged, this suit will not lie.

We shall not extend this opinion by examining the question whether, had the plaintiffs not made the misrepresentation alleged in the plea, the suit could have been sustained. It is quite sufficient for the determining of this part of the case, merely to refer to that misrepresentation, which was, that the plaintiffs, at the time the note in question was given, falsely represented to the defendant that no judgment for the partnership-debt had been recovered against *Dapput*. The plea alleges that the defendant, relying on the truth of that representation and others, gave the note in question. That misrepresenta-

tion, being in relation to a material fact, and having in-
duced the defendant to give the note for a debt from which
he had been discharged, must be, at all events, a good
bar to the present suit founded on that note.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, with instructions to the Circuit Court to
permit the plaintiffs to reply to the plea.

*J. W. Chapman*, for the appellant.

*J. Sullivan*, for the appellee.