*Huff & Jones,* for the appellants.

---

Irwin *et al. v.* Helgenberg *et al.*

PRINCIPAL AND SURETY—NOTICE.—On *May* 3, 1861, *A*, as principal, and *B* and *C*, as sureties, executed a joint promissory note to *D*, who indorsed it to *E*, who, on *August* 22, 1861, recovered judgment on it by default against *B* and *C*, process having been returned not found as to *A*. On *December* 6, 1861, *B* and *C*, in writing, notified *E* to sue *A* on the note. *E* failed to do so, but sued out his execution against *B* and *C*, who thereupon filed their complaint to enjoin the collection of the judgment of them.

Irwin et al. *v.* Helgenberg et al.

*Held,* 1. That, the note being joint, and therefore merged in the judgment aforesaid, it is doubtful whether an action could be maintained thereon against *A*, after judgment had been taken against *B* and *C*.

2. But, that, at all events, *E*, having, before receiving the notice, sued all the makers of the note, and recovered judgment against all on whom he could get service of process, could not be required to bring another suit before he could avail himself of that judgment, unless some equitable ground is specially shown entitling them to such relief.

APPEAL from the *Hamilton* Common Pleas.

WORDEN, J.—On the 3d of *May*, 1861, one *Jeffers*, as principal, and the appellants, as sureties, executed a promissory note to *Howard*, who indorsed it to *Helgenberg*. On the 22d of *August*, 1861, *Helgenberg* recovered a judgment by default against the appellants upon the note, process in that behalf being returned not found as to *Jeffers*. On the 6th of *December*, 1861, the appellants notified *Helgenberg*, in writing, to sue *Jeffers*, the principal on the note. *Helgenberg*, not having done so, and pressing the appellants with an execution upon the judgment, the appellants filed this complaint to restrain him from the collection, alleging the above facts, and that *Jeffers* was a resident, &c., and solvent. A demurrer was sustained to the complaint, and final judgment rendered for the defendant.

The ruling below, we think, was correct.

Our statute, which seems to govern the case, provides, that "any person, bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee, forthwith, to institute an action upon the contract. If the creditor or obligee shall not proceed, within a reasonable time, to bring his action upon such contract, and prosecute the same to judgment and

Irwin et al. *v.* Helgenberg et al.

execution, the surety shall be discharged from all liability thereon." 2 G. & H. 306.

The note, which appears in the record, is a joint note, and it is by no means clear that *Helgenberg* could maintain any action upon it against *Jeffers*, having taken his judgment upon it against the appellants. Vide, on this point, *Nicklans* v. *Roach*, 3 Ind. 78, and *Archer* v. *Heiman*, at the present term. But, however this may be, it seems to be clear, that the case is not within the terms of the statute, nor is there any equitable ground shown for interfering with the collection of the judgment. *Helgenberg* had brought suit upon the note long before he was notified to sue *Jeffers*, and had recovered judgment against those upon whom he got service of process. He had already done all that could be required of him. He could not be required to bring another suit against *Jeffers*, before he could avail himself of the judgment he had already obtained. The statute does not contemplate a notice to be given to sue, in cases where judgment has been already obtained against the surety, and, in default of suit, to discharge the surety. The language is, if the creditor, &c., shall not proceed, &c., to "bring his action upon the contract," &c., "the surety shall be discharged from all liability thereon;" that is, from all liability on the contract. This language is not at all applicable to a case where there is already judgment against the surety, for the contract is then merged in the judgment. There is no particular hardship in requiring the appellants to pay the judgment against them; for, if they were the sureties of *Jeffers*, and if he be a resident and solvent, they have a plain and adequate remedy against him. There may be, and undoubtedly are, many cases in which a surety is entitled to relief, after judgment against him, but there must be some equitable ground therefor, which, as before remarked, does not appear in this case.

*Per Curiam.*—The judgment below is affirmed, with costs.

*D. Moss*, for the appellants.