———————o————————

## Bridges *v.* Layman and Another.

Replevin.—*Affidavit.*—In an action of replevin in the court of common pleas the affidavit of the plaintiff for delivery of the property to him did not state whether or not it had been seized under an attachment against his property.

*Held*, that the affidavit was bad.

Justification.—*Officer.*—*Pleading.*—Where a defendant justifies the seizure and detention of property as a constable, by virtue of an execution in his hands, the original execution or a copy thereof must be filed with his answer.

Same.—*Evidence.*—The justification cannot be sustained without proper evidence of the contents of the execution.

Name.—*Initial Letters.*—Where a judgment is rendered before a justice of the peace against a defendant by a name in which an initial letter is used instead of his Christian name, the proceedings and judgment are thereby rendered irregular, but not void.

APPEAL from the Clark Common Pleas.

Replevin by the appellant for a horse, saddle, and bridle, alleged to have been unlawfully taken and detained from him by the appellees, Layman and Clegg.

An affidavit was filed at the commencement of the action, upon which an order was issued, and the property seized and delivered to the appellant. Subsequently, the court, on motion of the appellees, quashed the affidavit, to which the

appellant excepted. Clegg answered by a general denial. Layman filed an answer in two paragraphs:

1. The general denial.

2. Admitting the seizure and detention of the property, but justifying the same as a constable, under an execution then in his hands, issued by a justice of the peace on a judgment in favor of the defendant Clegg against the appellant and one Brooks, for fifty cents and costs of suit.

A demurrer was overruled to the second paragraph of Layman's answer, and the appellant excepted.

Trial by the court; finding and judgment for the defendant.

Motion for a new trial overruled, and the ruling excepted to.

ELLIOTT, C. J.—It is contended by the appellant, that the court erred in sustaining the motion to quash the affidavit upon which the order for the seizure of the property and the delivery thereof to him was issued.

The statute requires the affidavit to show, among other things, that the property has not been taken for a tax, assessment, or fine, pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff, &c. The affidavit failed to show whether or not the property had been seized under an attachment against the plaintiff's property. It was therefore defective, and was properly quashed.

The next error assigned is the overruling the demurrer to the second paragraph of the answer of the defendant Layman. By that paragraph Layman seeks to justify the seizure and detention of the property as a constable, by virtue of an execution then in his hands, issued by a justice of the peace on a judgment in favor of the defendant Clegg, against the appellant and one Brooks. The objection urged to it is, that neither the original execution nor a copy thereof was filed with the answer. We think the objection a-

valid one. The execution is the foundation of the answer; it is the authority by which the defendant claims to have acted and under which he seeks to justify; and, under the statute, either the original or a copy of it should have been filed with the answer. 2 G. & H. 104, sec. 78. The demurrer should, therefore, have been sustained.

It appears upon the face of the answer that the judgment upon which the execution is alleged to have been issued was rendered against the appellant in the name of "D. Bridges;" and it is contended that the judgment is void as to him.

The suit before the justice should have been prosecuted and the judgment rendered against the appellant by his Christian name as well as his surname. The omission of his Christian name was an error, and rendered the proceedings and judgment irregular, but not void. *Jones* v. *Martin*, 5 Blackf. 351.

The record purports to contain all the evidence given on the trial of the cause; and the refusal of the court to grant a new trial, because the finding and judgment are contrary to the evidence, is assigned for error.

Several objections are urged to the sufficiency of the evidence to sustain the justification; one of which is well taken. The execution upon which the property is alleged to have been seized was not given in evidence nor its absence accounted for. Indeed, there was no evidence of the contents of such a writ. It is apparent from the evidence in the case that the finding for the defendants was based on the answer of Layman, justifying the seizure and detention of the property under the execution; and, for the want of proper proof of the execution, the justification is not sustained by the evidence. The other objections are untenable.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer to the second paragraph of Layman's answer, with leave to both parties to amend their pleadings.

*D. Bridges* and *M. C. Hester*, for appellant. .