64   31
133   475

## KENNARD v. CARTER ET AL.

JUDGMENT.—Discharge of Joint Maker of Promissory Note by Judgment Against Co-Maker.—A separate judgment against one of several joint makers of a promissory note, rendered in an action to which the other makers were not parties, or in which steps were not taken to preserve the right to a subsequent judgment against them, is a bar to a subsequent action thereon against them.

SAME.—Modes of Obtaining Judgments.—Justice of the Peace.—Judgments may be rendered, either in the circuit court or by a justice of the peace, in

either of three modes, viz. : 1. In an action commenced by process ; 2. In an action commenced by agreement ; or, 3. By confession without an action.

SAME.—*Judgment by Confession Without Affidavit.*—A judgment by confession is valid between the parties thereto, though rendered without any, or upon an insufficient, affidavit.

SAME.—*Consent of Plaintiff.*—*Presumption.*—A judgment by confession can not be rendered without the consent of the plaintiff ; but that consent may, where the contrary does not appear, be presumed from the record.

SAME.—*Refusal to Consent.*—The refusal of the plaintiff to consent to such a judgment may be replied by him to an answer setting up such judgment.

SAME.—*Informality of Judgment.*—A judgment is not rendered void by mere informality in its terms.

SAME.—*Judgment of Justice, How Proved.—Evidence.*—The proceedings and judgment of a justice of the peace may be proved by either the original or a duly certified copy thereof.

From the Madison Circuit Court.

*H. D. Thompson*, for appellant.

*C. L. Henry*, for appellees.

PERKINS, J.—Suit upon a note, of which the following is a copy :

"Twelve months after date, we promise to pay to the order of Jacob Kennard two hundred dollars, with five per cent. attorney's fees, if suit be instituted on this note, value received, without any relief whatever from valuation or appraisement laws, with interest at the rate of ten per cent. per annum. The drawers and endorsers severally waive presentment for payment, protest and notice of protest for non-payment of this note.

"W. S. CARTER,

" T. A. BAKER,

"WILLIAM SILVER."

Baker and Silver answered:

1. Payment.

2. That the note sued on was the joint note of all the defendants ; that, on the 21st day of February, 1874, said Baker paid twenty dollars on said note ; that, on the 13th

day of April, 1874, he paid one hundred dollars on said
note; and, on the 11th day of August, 1874, he paid ten
dollars and forty-five cents thereon; on the 27th day of
August, 1874, the plaintiff, Kennard, instituted suit on said
note before Erastus O. Chapman, a justice of the peace of
Fall Creek township, Madison county, Indiana, against the
defendant Wesley S. Carter, and on the 29th day of Au-
gust, 1874, recovered a judgment in said suit, before said
justice, against said Carter, by confession, for the sum of
ninety-six dollars and eight cents, the full amount due on
said note, a copy of which judgment is filed herewith,
marked "Exhibit A," which judgment remains unappealed
from; and they aver, that, at the time of the commencement
of the suit before said justice, and at the time of the ren-
dition of said judgment, said Wesley S. Carter and said
Theodore A. Baker and William Silver were all residents
of said Fall Creek township, in said county; that no sum-
mons was ever issued in said suit for either said Silver or
Baker. Wherefore they say said plaintiff ought not to
maintain this suit, etc.

3. That, on the 29th day of August, 1874, the plaintiff
recovered a judgment on said note, for the full amount
thereof, before Erastus O. Chapman, a justice of the peace of
Fall Creek township, county of Madison, Indiana, against
the defendant Wesley S. Carter, a copy of which judgment
is filed herewith, marked "Exhibit A;" that, on the 6th
day of March, 1875, an execution was issued on said judg-
ment and placed in the hands of John H. Hicks, constable
of said township; that, on the 9th day of August, 1875,
said Hicks, as such constable, held said execution in his
hands, as he then also held several others against said
Wesley S. Carter, and, as such constable, collected of said
Wesley S. Carter the sum of one hundred and fifty dol-
lars, being more than the amount of said execution, inter-
est and costs in favor of the plaintiff, Kennard, as aforesaid;

that said execution in favor of said plaintiff was the oldest execution in the hands of said constable against said Carter, and, as such, was entitled to be paid out of said money, but that the plaintiff then ordered said constable to return said execution without such payment, and it was accordingly done. Wherefore, etc.

Demurrers to the paragraphs of answer were overruled.

Reply in denial. Trial by the court. Judgment for defendants Baker and Silver, Carter not being a party to the suit.

Motion for a new trial overruled.

The grounds of the motion were:

1. Error of the court "in permitting the defendants to read in evidence, on the trial, the transcript of the judgment of Justice Chapman," referred to in the answer; and,

2. The finding and judgment of the court are not sustained by the evidence, are contrary to the evidence, and should have been for the plaintiff.

The errors assigned in this court are:

1. Error in overruling the demurrers to the several paragraphs of answer; and,

2. In overruling the motion for a new trial.

The evidence given on the trial was as follows:

1. The plaintiff introduced the note set out in the complaint, and copied into this opinion.

2. The defendant Baker testified thus:

"I am one of the defendants in this cause. I made payments to the amount of $135, all of which are credited on the note. Wesley S. Carter and I were partners in the drug business. Our partnership commenced on August 14th, 1872, and was dissolved in May, 1873. These payments were made after the partnership was dissolved."

Over the objection of the plaintiff, the defendants then read in evidence the following transcript:

| "Jacob Kennard *v.* "Wesley S. Carter, "Theo. A. Baker, "William Silver. | Complaint for ninety-six dollars and sixty cents. |

" August 27th, 1874, plaintiff files the following cause of action."

(Here follows a copy of the note copied at the commencement of this opinion, with the credits on it.)

" 'August 29th. I, Wesley S. Carter, acknowledge myself justly indebted to the plaintiff in the sum of ninety-six dollars and eight cents, and that he does not confess judgment to defraud his creditors.        W. S. CARTER.'

" August 31st. I, Stephenson Hair, acknowledge myself replevin bail for the stay of execution on the following judgment for 180 days from the rendition thereof.

" Attest: E. O. CHAPMAN, J. P.                    S. HAIR.

" Judgment is therefore rendered against said defendant, by confession, for ninety-six dollars and ten cents, without relief, together with the costs of this suit and the costs and interest that may accrue from this rendition.

" August 29th, 1874.                    E. O. CHAPMAN, J. P.

" Execution to John Hicks, March 6th, 1875. Execution returned August 9th, by order of plaintiff. 55 cents. September 7th, 1875 ; execution to J. Hicks. Execution returned February 7th, 1874.

" I, E. O. Chapman, certify that the foregoing is a true copy of the proceedings and judgment in the above case, as taken from my docket. E. O. CHAPMAN, J. P. [SEAL.]"

" To the reading of which in evidence, the plaintiff at the time objected, because the original entry of judgment, as made at the time by the said justice in his docket, and the docket itself containing the same, was then in court, and offered by the plaintiff at the time to the court, and

which was the best evidence; because the said transcript was not a transcript of a legally rendered judgment, because the same did not show that a suit or action had ever been commenced before the justice, nor that process had ever been issued or served on the defendants in said cause, nor that the suit was commenced by agreement of the parties, nor that the defendants appeared; and, further, because the justice had no jurisdiction to render judgment against the defendants not served nor appearing, and because of vagueness and, uncertainty in the so-called judgment, but the objections were overruled, and exceptions taken at the time."

Jacob Kennard then testified:

"I am the plaintiff in this suit; I did not see Wesley S. Carter at my house, in August or September, 1875; I saw him two miles west of Newcastle, in August, 1875; no one was with him; he paid me nothing; he wanted me to give him time on that note; said he would give me fifteen per cent. interest; he wanted a year; he did not say any thing about a judgment; he said note; I told him I would not do it, I wanted the money; he said nothing about Mr. Hicks; I received a telegram from Wesley S. Carter afterward; I answered by telegram; I supposed it was answered to Mr. Carter; do not think I sent it to Esq. Chapman; I never sent but the one telegram; don't know where that is; think I gave it to Mr. Thompson; it was a copy I gave him; don't know where the original is; I never saw it; I told my son what to telegraph, and he did it; I got a copy and think I gave it to Mr. Thompson."

John H. Hicks testified:

"In August and September, 1875, I was acting as constable of Fall Creek township, Madison county, Indiana; had an execution in favor of Jacob Kennard, against Wesley S. Carter, in my hands, for about $100, issued by E. O. Chapman, Justice; I had about $175 paid me by Mr. Carter; Kennard's was the oldest execution I had against

Carter; Mr. Carter paid me in money $175, while I had that execution; it was for about $100; I had the execution a month or six weeks before Carter left that time, being about the 1st of September, 1875; the $175 paid me by Carter was paid on no particular execution; he told me to give him credit on the executions; had several in my hands; don't know on which I credited the money."

Erastus O. Chapman testified:

" I made the endorsement of the filing on this note, to wit: 'Filed August 25th, 1874. Kennard *v.* Carter and Baker; note.' Don't know whether it is the 27th or 28th; rather think it is 27th; Jacob Kennard filed the note with me, plaintiff in this case; this is the same note the judgment read in evidence was rendered upon; Mr. Kennard got the note from me on Feb. 1st, 1876; there was but one such judgment on my docket, of Kennard *v.* Carter."

This was all the evidence in the cause.

The same question arises upon the rulings on the demurrers severally to the paragraphs of answer, and the motion for a new trial. We shall consider and decide the question as applicable to all those rulings; that question is: Was the judgment against Wesley S. Carter, rendered by Erastus O. Chapman, on the 29th of August, 1874, a valid judgment? The note in question in this case was the joint note of Carter, Baker and Silver.

The law is well settled, that a separate judgment taken against one of several joint makers of a note, in a suit to which the others are not parties, or in which steps are not taken to preserve the right to a subsequent judgment against such others, may be pleaded as a bar to a subsequent suit against those not included in the first suit or judgment. *Erwin* v. *Scotten,* 40 Ind. 389, and cases cited; *Holman* v. *Langtree,* 40 Ind. 349; *Taylor* v. *Claypool,* 5 Blackf. 557; *Nicklaus* v. *Roach,* 3 Ind. 78; *Crosby* v. *Jerol-oman,* 37 Ind. 264; *Lingenfelser* v. *Simon,* 49 Ind. 82.

In this case, it is said by counsel for the appellant, that the affidavit denying fraud in the judgment rendered by said justice was not properly prepared and verified, and that the entry of replevin bail was irregular. But these points are immaterial in this case, because they do not affect the validity of the judgment against Carter, as between him and the appellant. As between them, the judgment was valid without an affidavit that it was not fraudulently confessed, and without entry of replevin bail. It was the judgment against one of the makers of the joint note (that judgment being valid) that merged the note as a cause of action, as against all the makers. See the authorities above cited.

Counsel for appellant insists that the judgment rendered by Justice Chapman was a nullity, void for want of jurisdiction in the justice. Starting with the fundamental proposition, that the justice's court is one of limited, statutory jurisdiction, he says: " The duties of a justice of the peace as to the commencement of a suit are clearly marked out. ' Suits may be instituted before justices by agreement or process.' 2 R. S. 1876, p. 609, sec. 20. The statute provides no other way. ' The same section says that ' the delivery of the process to the officer authorized to serve the same, if by process, and the entry of the fact upon the docket, if by agreement, shall be deemed such commencement.' The docket must show the suit to have been commenced in pursuance of that statute." Counsel further contends that, in this case, the suit was not only not commenced by agreement, but was commenced without the consent of the appellant, plaintiff below.

We may remark at this point, that counsel is not entirely accurate in his statement that section 20, above cited, is the only provision as to the mode of instituting suits and obtaining judgments. In the code of practice, three modes are pointed out:

1.  By process. Section 34.

2.  By agreement.  Section 386.

3.  By confession of judgment, "without action" [suit]. Section 383.

The first two contemplate trials ; the third does not.

The same three modes are mentioned in the justices' act : Those by process and agreement, in section 20, *supra;* and, in section 59, of the same act, it is provided, that " Judgments may be rendered by confession, and no appeal shall lie therefrom," etc.

The case of *Barnett* v. *Juday*, 38 Ind. 86, is decided upon the theory that the above section 59 is to be construed in connection with section 383 of the code of practice, which provides that judgment by confession, under those sections, must be by consent of the plaintiff.  In this view we concur.   And that case, which, in its facts, is like the case at bar, decides that consent may be presumed on such facts. It was contended in that case, as it is in this, that the judgment confessed was a nullity, for the want of consent on the part of the plaintiff.  But the court said :

" We think that, *prima facie*, at least, the judgment must be regarded as having been taken by the consent or procurement of the appellee " (the plaintiff below).   " It is alleged in each paragraph that the judgment was recovered by the plaintiff therein ; and as he must be presumed to have had the possession and control of the cause of action, we think it is reasonable to infer that the judgment was rendered by his consent.  If, in fact, this was not so, we presume he may reply that fact." *Haggerty* v. *Juday*, 58 Ind. 154.

In the case at bar, there was an additional fact, the appellee, plaintiff below, was a witness upon the trial in the circuit court, and did not deny consent.

The judgment before the justice was not void for uncer-

tainty. It was informal; there may have been clerical errors committed in entering it; but it was, in legal effect, a judgment against Wesley S. Carter alone. It was not void for informality. *Downard* v. *Sluder*, 5 Blackf. 559; *Wilcox* v. *Ratliff*, 5 Blackf. 561; *Brewer* v. *Murray*, 7 Blackf. 567.

It is unnecessary for us to notice the question attempted to be raised by the third paragraph of answer, viz., the effect of negligence in the proceedings to collect the judgment against Carter, rendered by Justice Chapman. That judgment, being valid whether collected or not, was a bar to this suit. The constable may have rendered himself liable. There were no sureties in the case. But on these points we decide nothing.

One other point we must notice briefly, viz., the admission of a transcript of the judgment of said justice in evidence. The court did not err in admitting it. The code of practice enacts:

" SEC. 280. Copies of the proceedings and judgments of any justice of the peace of this State, certified under his hand and seal, or under the hand and seal of the justice who may have the legal custody thereof, as true and complete copies of such proceedings or judgments, shall be received as evidence in the several courts in this State."

This section does not make copies the exclusive evidence of the proceedings of justices, but it makes them evidence equally with the original records of such proceedings. Either may be used as evidence. *Green* v. *The City of Indianapolis*, 25 Ind. 490; *The City of Logansport* v. *Crockett*, *post*, p. 319.

The judgment is affirmed, with costs.