### No. 9545.

### HOPPER ET AL. *v.* LUCAS.

JUDGMENT.—*Action on.*—*Complaint.*—*Exhibit.*—A copy of the judgment sued on is not a proper part of a complaint on such judgment.

SAME.—*Justice of the Peace.*—A complaint upon the judgment of a justice of the peace must allege that it was duly given or made, or contain equivalent allegations.

SAME.—*Transcript.*—*Evidence.*—On the trial of an action upon a judgment of a justice of the peace, a transcript thereof concluding: "It is therefore adjudged by me that the plaintiff recover of the defendants Miller and

Cox the sum of 133.95, with costs taxed at 1.00.    Given under my hand,"
etc., is not inadmissible in evidence because the names of the parties do
not fully appear, nor because the cause of action is not copied in full,
nor because the amount of the judgment is not written out in words, but
is fatally defective in not showing with certainty, in dollars and cents,
the amount of the recovery adjudged.

SAME.—*Original Papers.*—In such case the original papers constituting the
cause of action may be given in evidence to explain the meaning of the
abstract numerals.

SAME.—*Confession.—Replevin Bail.*—As between the parties to the suit and
the replevin bail, no affidavit is necessary to authorize the entry of a
judgment by confession.

SAME.—*Partner.*—A partner may not confess a judgment against the firm
of which he is a member, but a judgment so confessed will be void as to
them and valid as to him.

SAME.—*Replevin Bail.*—By his entry of bail a replevin bail releases errors
and waives any right to question the existence of the judgment which
he has thereby expressly recognized.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries,* for appellants.
*P. S. Kennedy, W. T. Brush* and *S. C. Kennedy,* for appellee.

ZOLLARS, J.—This action was brought in the court below
by appellee against appellants.    Appellants each filed a de-
murrer to the complaint, and each made a motion for a new
trial.    The demurrers and motions were overruled ; appellants
excepted, and have assigned these rulings for error in this court.

The complaint states, substantially, that on the 26th day of
April, 1879, the appellee, in and by the name of T. N. Lucas,
recovered a judgment against appellant Miller, before a jus-
tice of the peace in and for the township of Franklin, in
Montgomery county, which judgment was duly entered of
record in the docket of said justice, with the name of the jus-
tice subscribed thereto ; that on said day, and after the judg-
ment was so rendered, entered and signed, appellant Hopper
became replevin bail for the stay of execution, and that the
said judgment is due and unpaid.    There was an attempt to
make a transcript of the said judgment a part of the complaint,
by filing the same with it as an exhibit.

Hopper *et al. v.* Lucas.

It was held in some of the earlier cases in this court that when a judgment is sued upon, or set up as a defence, a transcript of the same must be filed with the pleading, and thus be made a part of it, under the statute which requires that when any pleading is founded on a written instrument, the original, or a copy thereof, must be filed with the pleading.

It is now settled, by later and well considered cases, that a judgment is not a written instrument within the meaning of the statute, and that a transcript of the same need not be filed with pleadings in such cases. *Lytle* v. *Lytle*, 37 Ind. 281; *Hinkle* v. *Reid*, 43 Ind. 390; *Wyant* v. *Wyant*, 38 Ind. 48; *Davenport* v. *Barnett*, 51 Ind. 329; *Mull* v. *McKnight*, 67 Ind. 525. As the statute does not require it, the transcript of the judgment filed as an exhibit in this case is not, and can not be made, a part of the complaint by such filing. The sufficiency of the complaint must be determined without reference to it. *Wilson* v. *Vance*, 55 Ind. 584; *Richardson* v. *Jones*, 58 Ind. 240; *Morrison* v. *Fishel*, 64 Ind. 177; *Wharton* v. *Wilson*, 60 Ind. 591.

We are cited by counsel for appellee to the case of *Stewart* v. *Armel*, 62 Ind. 593. We do not understand that case to be in conflict with the above. It is apparent from a reading of the case that the question as to whether or not the transcript of the judgment, filed with the complaint, became a part of it, was not made material by the discussion of counsel.

The above cases are not in any way referred to. It was evidently not the intention of the court to overrule them, or to announce any rule or proposition in conflict with them.

Without reference to the transcript of the judgment filed with the complaint in this case, does the complaint state a cause of action against appellants, or either of them?

There are no averments in the complaint showing, or attempting to show, that the justice's court had jurisdiction to render the judgment upon which this action is based. The only allegation is, that on the 26th day of April, 1879, appellee recovered a judgment against Miller before a justice of

the peace in Franklin township, Montgomery county. There is no allegation that a summons was issued or served, or that Miller appeared, or confessed judgment, or that he was a resident of the township in which the action was brought; nor is there any averment that the judgment was duly rendered. There is an averment that the judgment was duly entered of record in the docket of the justice, with the name of the justice subscribed thereto; but this does not amount to an averment that the judgment was duly rendered.

There is a very material difference between the rendition and the recording of a judgment. The one is judicial, the other ministerial. Without an averment showing that the justice's court in some way acquired jurisdiction over Miller, and that he was a resident of the township in which the action was brought, or that the case comes within some of the exceptions of the statute, or that the judgment was duly rendered, the complaint is not good, and the demurrers thereto should have been sustained. Justices' courts are courts of special and limited jurisdiction. When it is made to appear that they have acquired jurisdiction, the same presumptions are indulged in favor of their proceedings as in case of courts of general jurisdiction. But presumptions will not be indulged that they have acquired jurisdiction. This must be made to appear by proper averments in the complaint, when an action is based on a judgment of such courts. The question involved here has been settled in this State, by a recent decision of this court, in the case of *Wilkinson* v. *Moore*, 79 Ind. 397. See, also, *Mills* v. *Martin*, 19 Johns. 7; *Jolley* v. *Foltz*, 34 Cal. 321; 4 Wait's Actions and Defenses, p. 193; Freeman Judgments, sec. 454.

In the case of *Mills* v. *Martin, supra*, the court says: "There is, however, a marked and decided distinction between superior courts of general jurisdiction, and inferior courts, or courts of special and limited jurisdiction. In the former case, the intendment of the law is, that they had jurisdiction, until the contrary appears; but with regard to inferior courts, or those of special and limited jurisdiction, those who claim any right

or exemption under their proceedings, are bound to show, affirmatively, that they had jurisdiction."

In the case of *Jolley* v. *Foltz, supra,* the court held that it must be shown affirmatively by the party relying upon or claiming any right under the judgment, that the justice had jurisdiction. The residence of the defendant is a jurisdictional fact in a justice's court. When it nowhere appears in the docket or other papers in an action determined in a justice's court, that the defendant resided in the township in which the action was commenced, or that he was within any of the exceptions enumerated, the judgment is not sufficient evidence in an action upon the same. We cite further 2 R. S. 1876, p. 607, sec. 13; R. S. 1881, sec. 1441; *Jolly* v. *Ghering,* 40 Ind. 139; *Featherston* v. *Small,* 77 Ind. 143; *Argo* v. *Barthand,* 80 Ind. 63.

In this State the necessity of stating jurisdictional facts, specifically, is dispensed with by statute, which provides as follows: "In pleading a judgment or decision of a court or officer of special jurisdiction, it shall be sufficient to allege, generally, that the judgment or decision was duly given or made. If the allegation be denied, the facts conferring jurisdiction must be proved on the trial." R. S. 1881, sec. 369; 2 R. S. 1876, p. 76, sec. 83.

If, in this case, the complaint contained an allegation, that the judgment was duly given or made, it would be a sufficient complaint.

On the trial below, appellee, over the objections and exceptions of appellants, introduced in evidence a certified transcript of what purports to be a judgment—the one referred to in the complaint—and rested his case. In their motions for a new trial, appellants urged that the court erred in admitting this transcript in evidence, and that the decision of the court, based upon it, is not sustained by sufficient evidence. When the transcript of the judgment was offered in evidence, appellants made a number of objections to its sufficiency, and the sufficiency of the judgment evidenced thereby, based their

motions for a new trial · mainly upon the objections so made, and urge them in their brief in this court as a cause for reversal.    It is claimed that the proceedings before the justice, including the rendition of the judgment, the entry and approval of the replevin bail, were not in accordance with the statute, and that the whole is, therefore, void.

The statute referred to is as follows :    "Every justice shall, in a substantial bound book of not less than two hundred pages, keep a docket, in which he shall record the proceedings, in full, of all suits instituted before him ; which record shall contain the names of the parties at full length, a copy of the cause of action, and of the set-off of the defendant, if any, and all proceedings had therein, and the amount of the judgment written out in words ; and every such record of each cause shall, when completed, be signed by such justice, and the cause noted in a proper index to be contained in such docket."    2 R. S. 1876, p. 608, sec. 18 ; R. S. 1881, sec. 1437.

The title of the cause in the justice's court, as appears from the transcript, is as follows :

"T. N. Lucas
          *vs.*                    } Complaint $133\frac{95}{100}$."
The Firm of Miller & Cox.

After this title are the following statements, with others, some of which we omit :

"Comes T. N. Lucas and files three accounts, two against Miller & Cox and the other against Monroe Miller :    * * * 1st. Bill of groceries, amounting to 40.61.    2d. Miller & Cox bought of T. N. Lucas * * * bill of groceries, amounting to 49.15.    Monroe Miller bought of T. N. Lucas * * · bill of groceries, amounting to 44.19.    133.98.

"On the 26th day of April, 1879, that is, Monroe Miller, of the firm of Miller & Cox, and also one of the defendants in the case, and the plaintiff having this cause of action therein, the accounts as set forth above, amounting to 133.98.

"April 27th, 1879. Comes the defendant Monroe Miller and confesseth that he is indebted to the plaintiff in the sum

of 133.95, and files his affidavit to that effect; that he justly owes said debt, and does not confess judgment to defraud his creditors.   * * *   Sworn and subscribed to before me, this 26th day of April, 1879."

Here follows the undertaking of the replevin bail, and the approval by the justice:   " I do hereby acknowledge myself replevin bail for the term of 180 days from the rendition thereof, for the stay of the above judgment.

"Dated April 26th, 1879.                    J. H. HOPPER.

"Taken and approved by me, this 26th day of April, 1879.

"WILLIAM ARMSTRONG, Justice of the Peace."

On the margin of the transcript, as we find it in the record, is the following:   " It is therefore adjudged by me that the plaintiff recover of the defendants Miller & Cox the sum of 133.95, with costs taxed at 1.00.   Given under my hand and seal, April 26th, 1879.   WILLIAM ARMSTRONG, Justice."

It seems to be agreed by counsel that this marginal entry appears on the docket of the justice, as it is copied in the transcript.   When we consider the confusion of dates, the unfinished sentences and unexplained numerals found in this transcript, we are not surprised that many objections were made to it when offered in evidence in the court below, and that they are urged in this court.   It will be observed that the name of the party plaintiff is not set out in full, and that the defendants are named as the firm of Miller & Cox.   The judgment is in favor of the plaintiff as named in the title of the cause, and against Miller & Cox.   Is the judgment, so rendered, void as to appellants Miller and Hopper?

Had either Miller or Cox, at the proper time, made objection in proper manner and form before the justice, the case could not have been proceeded with, legally, in the name of the plaintiff, or against the defendants, as named.   This they did not do.   It will be observed that Miller confessed judgment.   The undertaking of appellant Hopper is for the payment of that judgment.   His undertaking, under the statute,

VOL. 86.—4

operates as a confession of judgment by him. 2 R. S. 1876, p. 632. Miller, in confessing judgment, waived all objections that might have been made to the manner and style of naming the parties, and so, too, did Hopper in becoming replevin bail. The judgment, therefore, is not void by reason of the parties being named in the record as they are, but, so far as that objection is concerned, is valid and binding upon the parties to it, including the replevin bail. *Bridges* v. *Layman,* 31 Ind. 384; *Peden's Adm'r* v. *King,* 30 Ind. 181; *Thatcher* v. *Coleman,* 5 Blackf. 76; *Jones* v. *Martin,* 5 Blackf. 351; *Downard* v. *Sluder,* 5 Blackf. 559.

It is insisted that the judgment is void, for the reason that the cause of action was not copied in full in the record of the justice. Since the commencement of the case under consideration, this precise question has been considered by this court, and decided adversely to the position of appellants' counsel. With the conclusion reached in that case we are entirely satisfied. *Reed* v. *Whitton,* 78 Ind. 579. See, also, *Indianapolis, etc., R. R. Co.* v. *Wilsey,* 20 Ind. 229.

A further objection is made, that the amount of the judgment is not written out in words. The statute above does not make this indispensable to the validity of a judgment. It does not, by the use of negative words, or otherwise, forbid the statement of the amount of the judgment in figures, with the proper dollar mark. In its provisions it is directory; and, while it is very desirable that justices of the peace shall follow and carry out its provisions in the trial of causes and the rendition of judgments, neither reason nor the authorities require of us to hold all of their proceedings and judgments void, because of departures from it in non-essentials.

This statute requires that the docket shall be indexed; but it would be unreasonable to hold that the judgments therein recorded are void for the want of such index. So, too, it requires the justice to keep a docket in a substantially bound book, of a given size; but it will not be contended that a judgment will be invalid because recorded in a book of less-

Hopper *et al.* v. Lucas.

or greater size, or of a binding not substantial. We have seen, too, that the copying of the cause of action in the docket is not essential to the validity of the judgment. See Freeman Judgments, 2d ed., section 48 a; *Fullerton* v. *Kelliher*, 48 Mo. 542.

It is further insisted that the transcript does not show a valid judgment, for the reason that the figures, apparently intended to state the amount of the judgment, are abstract numerals, without mark or character to indicate what they represent: From the statement in relation to the accounts upon which the judgment was rendered, it is impossible to tell whether the figures represent so many pounds of groceries, or the value of the same in dollars and cents. There is no dollar mark or other character to indicate the one or the other; and so, in the formal entry of the judgment, figures are used in the same way, without any character or mark to indicate what they represent. It is reasonable to conjecture that they were intended to represent dollars and cents; but, while the courts are generous and liberal in the construction of statutes, to uphold the judgments of these inferior courts, they can not be maintained upon conjecture. These figures, standing as they do, without aid or explanation from other parts of the record, express nothing but abstract numerals. It follows, therefore, that the court below erred in admitting the transcript in evidence, and in overruling the motion for a new trial. *Lawrence* v. *Fast*, 20 Ill. 338; *People* v. *San Francisco Savings Union*, 31 Cal. 132; *Hurlbutt* v. *Butenop*, 27 Cal. 50; *Tidd* v. *Rines*, 9 Cent. Law J. 338; *Woods* v. *Freeman*, 1 Wal. 398; *Carpenter* v. *Sherfy*, 71 Ill. 427; *Avery* v. *Babcock*, 35 Ill. 175.

All that we decide in relation to the judgment rendered by the justice is, that, as it comes before us in the transcript embodied in the bill of exceptions, it is void for uncertainty in the statement of the amount of the recovery. Interpreted in the light of the pleadings, it may be valid. On the trial of the case, appellee, as appears from a recitation in the bill

of exceptions, offered to introduce in evidence, what was
admitted by appellants to be, the accounts upon which the judg-
ment was rendered, "containing the several items, with the
same footed up, and the proper dollar mark prefixed to the
footing." This the court excluded. We can not say that
the court erred in this, for the reason that the accounts are
not in the bill of exceptions; but inasmuch as this cause will
be returned for further proceedings below, it is proper to say
that if the accounts filed as the cause of action will explain,
or tend to explain, the meaning of the numerals used in the
judgment, they are proper evidence to go to the court. Free-
man Judgments, sec. 48; *Carr* v. *Anderson,* 24 Miss. 188;
*Delavan* v. *Pratt,* 19 Iowa, 429; *Fowler* v. *Doyle,* 16 Iowa,
534; 1 Greenleaf Evidence, secs. 511, 514.

It is claimed further, that the confession by Miller did not
authorize the justice to render a judgment, because of the
want of a sufficient affidavit. As between the parties to the
suit and the replevin bail, no affidavit is necessary. *Mavity*
v. *Eastridge,* 67 Ind. 211; *Kennard* v. *Carter,* 64 Ind. 31;
*Barnett* v. *Juday,* 38 Ind. 86.

Nor is the judgment void as to Miller, because rendered
against Miller & Cox. It is said by counsel that, as a partner
of the firm of Miller & Cox, Miller had no authority to con-
fess a judgment against the other member of the firm, and
that the judgment is, therefore, void as to him. A member
of a firm has not, by virtue of his relation to the partnership
alone, authority to confess a judgment against his partners;
and, if a judgment be entered upon such confession, it will
be void as to them, but valid as to him. *York Bank's Appeal,*
36 Pa. St. 458; *Crane* v. *French,* 1 Wend. 311; 1 Lindley
Partnership, 474; Freeman Judgments, sec. 343.

There is some confusion of dates in the transcript, but we
can not interpret them as asked by counsel for appellants.
The judgment is shown to have been rendered and entered
on the 26th of April. On that day Miller made an affidavit
that he did not confess the judgment to defraud creditors. On

the same day the replevin bail was entered, in which entry the existence of the judgment is expressly recognized. Looking to the whole record, we must hold that the other statement, that Miller appeared on the 27th, is a clerical mistake, simply. Such being the case, the record can not be contradicted by parol testimony. The court below, therefore, did not err in striking out portions of Hopper's answer, and in striking out the oral testimony introduced for the purpose of showing that the judgment had not been rendered at the time Hopper became replevin bail. *Pressler* v. *Turner*, 57 Ind. 56; *Hume* v. *Conduitt*, 76 Ind. 598; *Larr* v. *State, ex rel. Wagoner*, 45 Ind. 364; *Argo* v. *Barthand*, 80 Ind. 63.

Judgment reversed, at the costs of the appellee, with instructions to the court below to sustain the demurrer to the complaint.