Filed May 20, 1886.

---

No. 12,569.

McGAUGHEY v. WOODS, ADMINISTRATOR, ET AL.

JUDGMENT.—*Taking in Wrong Name.*—*Default.*—*Collateral Attack.*—Where the Christian name of a plaintiff is erroneously given in the complaint as "John," instead of "James," and by that name judgment is taken against the defendant by default after proper summons, such judgment, in the absence of fraud, is not void, and will not be set aside in a collateral proceeding.

SUPREME COURT.—*Insufficient Complaint.*— *Intervening Errors.*— *Practice.*— Where the appellant's complaint does not state a cause of action, the judgment will not be reversed on account of intervening errors.

From the Rush Circuit Court.

*T. B. Adams* and *L. T. Michener,* for appellant.

*G. C. Clark, C. Cambern, T. J. Newkirk, B. L. Smith* and *W. J. Henley,* for appellees.

MITCHELL, J.—The complaint in this case charges that, at the October term, 1880, of the Rush Circuit Court, a judgment was rendered against the plaintiff below for $364.50, in

favor of John H. Woods. It is averred that a complaint was filed, that the plaintiff was duly served with summons, and that the judgment above mentioned was rendered as upon a default. The judgment thus taken is alleged to be void, for the following reasons:

1. There was not then nor is there now any such person as John H. Woods, but that one James H. Woods, now deceased, claimed to have brought the suit, and that by mistake his name was stated in the complaint and in the proceedings and judgment as John H., instead of James H. Woods.

2. That the plaintiff was not at the time such suit was commenced, nor since, indebted to John H. Woods upon the cause of action alleged in the complaint therein, nor for any other cause, and that the averments and charges alleged in that complaint are false.

The relief asked is, that the judgment so rendered be set aside and cancelled, and that the plaintiff be enjoined from proceeding to enforce it.

The contention of appellant is, that upon the facts disclosed in the complaint, the judgment is a nullity. This view is not maintained. The appellant was personally served with notice to answer the complaint of John H. Woods. Without objection he permitted the judgment, which he now complains of, to be taken against him in the name of John H. Woods. James H. Woods afterwards claimed that this judgment was recovered by him by mistake in the name of John H. Woods. It is too late, after a judgment has been thus taken, for a party to such judgment to assert, in a collateral proceeding such as this is, that the proceeding is a nullity. Having been personally summoned to answer the complaint of John H. Woods, if the appellant chose to permit judgment to go against him on the cause of action stated in the complaint, he took the chance that there was such a person, or that by mistake some one who claimed a right of action against him was seeking to obtain judgment

in that name. · Having taken the chance he must abide the result.   *Lake* v. *Jones*, 49 Ind. 297.

The judgment having been obtained, and appearing to be regular on its face, it can not be set aside or treated as a nullity in a collateral proceeding, without making it appear that it was obtained by fraud.   There is no pretence of any actual fraud.   The most that is claimed is that because the suit was not prosecuted in the name of the real party, it was a fictitious proceeding, and, therefore, fraudulent and void.

That courts will not take cognizance of suits which are merely colorable and fictitious, and that proceedings in such a case are void, may be conceded.   The facts disclosed in the complaint, however, come far short of making a case of that description.   They make a case in which there was a real plaintiff, who by mistake, in the name of "John" instead of "James," sued a real defendant and obtained a judgment on a valid claim.

Where a judgment was taken in favor of partners by their firm name against a defendant by the name of "H. H. Greenup," it was held the judgment was not a nullity.   *Jones* v. *Martin*, 5 Blackf. 351.   *Thatcher* v. *Coleman*, 5 Blackf. 76; *Downard* v. *Sluder*, 5 Blackf. 559 ; *Bridges* v. *Layman*, 31 Ind. 384; *Hopper* v. *Lucas*, 86 Ind. 43.

A judgment which omits the christian names of the parties altogether, while it may not be binding on persons who in good faith acquire subsequent liens, is nevertheless good between the parties.   *Ridgway's Appeal*, 15 Pa. St. 177 ; *York Bank's Appeal*, 36 Pa. St. 458.

For the purpose of barring another suit, it is competent to show by parol that the real party in interest recovered the judgment in the name of another.   Freeman Judg., sec. 175.

The conclusion is, that the complaint did not state a cause of action, and since the appellant stated no cause of action in his complaint, whatever errors may have intervened, the judgment must be affirmed on the cross error assigned by

the appellee, which calls in question the sufficiency of the complaint.

The judgment is affirmed, with costs.

Filed May 20, 1886.