MacVEAGH et al. v. WILD et al.

(Circuit Court, D. Indiana. June 30, 1899.)

No. 9,726.

1. JUDGMENT—COLLATERAL ATTACK—SUIT BY PARTNERSHIP IN FIRM NAME.
  Under the law of Indiana, a judgment rendered in favor of a partnership in its firm name, though reversible for error, is valid, and cannot be collaterally attacked.

2. CORPORATIONS—LIABILITY OF OFFICERS—FAILURE TO MAKE REPORTS.
  The statute of Indiana (2 Burns' Rev. St. 1894, § 5073) making the officers of a corporation jointly and severally liable for "all damages" resulting from their failure to make the reports required by the statute, includes unliquidated as well as liquidated damages.

On Demurrer to Complaint.

Hamline, Scott & Lord, and Shirts & Fertig, for plaintiffs.
Gavin & Davis, for defendants.

BAKER, District Judge.   This is an action brought by the above-named plaintiffs, composing the firm of Franklin MacVeagh & Co., against the above-named defendants, as president and directors of the Noblesville Canning Company, a corporation organized under the laws of this state, to charge said president and directors with the amount of damages sustained by the breach of a contract entered into by the corporation with the plaintiffs for the sale and delivery of certain goods.   The company, on May 19, 1897, entered into a contract in writing with the plaintiffs, whereby the plaintiffs bought and the company sold and agreed to deliver to them in the fall of that year 5,000 cases, to wit, 10,000 dozen, three-pound cans of certain canned goods, for the price of 60 cents per dozen, delivered in the city of Chicago.   It is alleged that the company failed and refused to deliver any of said goods pursuant to the contract.   The plaintiffs, on October 30, 1897, brought suit against said canning company in the circuit court of Hamilton county, Ind., in their firm name of Franklin MacVeagh & Co., against the Noblesville Canning Company, and for cause of action set up the above contract, showing its breach, and claiming damages therefor.   The company answered in general denial, and a trial was had on the issue so joined, resulting in a judgment for the plaintiff for $2,750 and costs of suit, said judgment being in favor of

Franklin MacVeagh & Co., and against the Noblesville Canning Company. It is alleged that the defendants, at the time the contract was entered into, knew that the company was insolvent, and that the plaintiffs believed that it was solvent, and responsible for all contracts made by it. It is also alleged that the capital stock of the company was fixed at $20,000, but that only $9,000 was in fact subscribed, and only $7,192 was ever paid into the treasury, and that the remainder of the stock subscriptions was uncollected, and was subscribed by insolvent and irresponsible persons. It is also alleged that the president and directors did not, nor did any of them, at any time make or sign any certificate stating the amount of capital stock as fixed and paid in, nor was any such certificate ever filed in the office of the clerk of the circuit court of Hamilton county or elsewhere; that on January 1, 1896, the company had been doing business for more than 12 months, and for more than 12 months prior to January 1, 1897, yet said company did not, nor did the defendants, nor did either of them, as such officers and directors or otherwise, within 20 days after January 1, 1896, nor within 20 days after January 1, 1897, nor at any other time, make or publish, or cause to be made or published, in any newspaper, or in any manner whatever, any report stating either the amount of capital stock of the company, the amount of assessments thereon made and actually paid in, or the amount of existing debts; nor was any such report ever signed or verified by the defendant Wild as president, nor by either of the defendants as directors, but they and each of them, at the times aforesaid and at all times wholly failed to give any such notice, and to make any such report. The plaintiffs allege that they were thereby misled and deceived into the belief that the said company was solvent, and responsible for all contracts entered into by it.

The defendants have demurred to the complaint for want of facts. Two grounds of insufficiency are pointed out in argument. It is first urged that the complaint is bad because it is shown that the claim for damages for breach of the contract is merged in a judgment in favor of some one else than the plaintiffs; that it appears that a judgment had been rendered by their procurement upon this claim in favor of Franklin MacVeagh & Co., and that this is not and cannot be regarded as a judgment in favor of the other plaintiffs to this action. It is then said to be well settled in this state that partners cannot sue and recover judgment in the partnership name, citing Hays v. Lanier, 3 Blackf. 322; Livingston v. Harvey, 10 Ind. 218; Mackenzie v. Board, 72 Ind. 193. These cases hold that a suit ought to be brought in the individual names of each member of the firm, and that, if a suit is brought in the firm name, it constitutes an error for which the judgment will be reversed. These cases do not decide that a judgment obtained in the name of a firm is invalid in any other sense than that it will be reversible on appeal or writ of error; nor do they lend any support to the contention that the judgment can be successfully assailed in a collateral proceeding. Indeed, it is firmly settled in this state that partners may sue and recover judgment in their firm name, and, where such a judgment has been rendered, that it is perfectly valid against a collateral attack. Thatcher v. Coleman, 5 Blackf.

76; Jones v. Martin, Id. 351; Downard v. Sluder, Id. 559; Bridges v. Layman, 31 Ind. 384; Hopper v. Lucas, 86 Ind. 43; McGaughey v. Woods, 106 Ind. 380, 7 N. E. 7. It is alleged in the complaint, and confessed by the demurrer, that the plaintiffs brought suit and recovered judgment in their firm name of Franklin MacVeagh & Co. against the Noblesville Canning Company. The cases above cited, and especially Jones v. Martin, show that the judgment is valid and that oral proof is competent to show who the real plaintiffs were, and that, when shown, such judgment is enforceable by and in favor of all the partners.

It is next contended that the damage arising from the breach of an executory contract, where the plaintiffs have parted with nothing, is not within the purview of the statute which charges directors for defaults in the performance of official duty. It is insisted that the liability for breach of the contract is one for the recovery of unliquidated damages representing profits only, and is not such a corporate liability as can be enforced against the defendants under the statute of this state. The only authority cited and relied on by counsel to support their contention is 3 Thomp. Corp. p. 3081, § 4193, which reads: "Unliquidated Damages for Breach of Contract. It seems that such statutes do not include unliquidated damages for breach of contract." The only case cited in support of the text is Manufacturing Co. v. Beecher, 26 Hun, 48. This case arose under the statute of the state of New York, which requires the directors to make annual reports, and for failure to do so enacts that they shall be liable for all "existing debts" of the corporation. The statute of this state provides that for failure to make reports, or for making false reports, the officers of the corporation shall be jointly and severally liable for "all damages" resulting from such failure. 2 Burns' Rev. St. 1894, § 5073. The distinction between a statute which provides that the liability shall be for all "existing debts" and one which provides that the liability shall be for "all damages" is so clear and marked that a decision under the former can have no controlling force in a case arising under the latter. The legislature of this state has enacted that the liability shall be for all damages resulting from a failure to make reports as provided by the statute. Manifestly, the words of the statute embrace unliquidated damages just as certainly as they do liquidated damages. Conceding, without deciding, that the present action is one to recover unliquidated damages for breach of a contract, it plainly falls within the very words of the statute. The demurrer is overruled, to which defendants except.